## ..BROWN *v.* McCONNELL.

APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF WASHINGTON.

Submitted January 9, 1888. — Decided January 30, 1888..

The signing of a citation returnable to the proper term of this court, but without the acceptance of security, nevertheless constitutes an allowance of appeal which enables this court to take jurisdiction, and to afford the appellants an opportunity to furnish the requisite security here, before peremptorily dismissing the case.

*Castro* v. *United States*, 3 Wall. 46; and *United States* v. *Curry*, 6 How. 106; distinguished.

MOTION TO DISMISS. The case is stated in the opinion of the court.

*Mr. Attorney General Garland* for the motion.

*Mr. Leander Holmes* opposing.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The facts on which this motion rests are these:

A judgment was rendered by the Supreme Court of the Territory of Washington July 18, 1885, dismissing an appeal. On the 15th of July, 1886, Lorenzo D. Brown and Leander Holmes presented a bond as security for an appeal from this judgment to one of the justices of that court, and he, on the 21st of that month, indorsed upon it his approval. On the 17th of November, 1886, a citation was signed by the same justice, requiring McConnell, as appellee, to appear in this court to answer the

appeal " on the second Monday in October next," which was the first day of the present term. This citation was served on McConnell the day of its date. On the 23d of May, 1887, which was the last Monday in our term of 1886, the appeal was docketed and dismissed under Rule 9, on motion of counsel for the appellee. On the 4th of August, 1887, the case was again docketed by the appellants. This motion is to dismiss upon that docketing.

Even if it should be conceded that an appeal was allowed by the approval of the bond July 21, 1886, that appeal became inoperative by the failure of the appellants to docket the case at our term of 1886 and by the order to dismiss made upon the docketing by the appellee. The rights of the parties depend, therefore, on the legal effect of the signing of the citation on the 17th of November, 1886, returnable to this term without taking any new security.

The statute makes no special provision as to the form of an allowance of an appeal, but this court has said that " as there can be no appeal without the taking of security, either for costs or costs and damages, and this to be done by the court, or a judge or justice, the acceptance of the security, if followed when necessary by the signing of a citation, is, in legal effect, the allowance of an appeal." *Sage* v. *Railroad Co.*, 96 U. S. 712, 714; *Draper* v. *Davis*, 102 U. S. 370, 371; *Brandies* v. *Cochrane*, 105 U. S. 262.

In the present case there was the signing of a citation returnable to the present term, but no acceptance of security, and the question presented is, whether that is enough of itself to constitute an allowance of an appeal such as will give this court jurisdiction, and, if it is, whether, before dismissing the case peremptorily, we may permit the appellants to give the requisite security here. *O'Reilly* v. *Edrington*, 96 U. S. 724, 726.

An appeal to this court in a proper case is matter of right, and its allowance is in reality nothing more than the doing of those things which are necessary to give the appellant the means of invoking our jurisdiction. A writ of error is the process of this court, and it is issued, therefore, only upon our

authority; but an appeal can be taken without any action by this court. All that need be done to get an appeal is for the appellant to cite his adversary in the proper way to appear before this court, and for him to docket the case here at the proper time. Such a citation as is required may be signed by a judge of the Circuit Court from which the appeal is taken or by a justice of this court. Rev. Stat. § 999. As appeals from territorial courts are to be taken in the same manner and under the same regulations as from the circuit courts, (Rev. Stat. § 703,) it follows that citations on such appeals may be signed by a judge or justice of the territorial court or by a justice of this court.

If an appeal is taken by the action of the court in session before the end of the term at which the decree is rendered no formal citation is necessary, because both parties, being constructively in court during the entire term, they are charged by law with notice of all that is done in the case affecting their interests. But if the necessary security is not taken until after the term, a citation is required to bring the appellee before us, although, if the case is docketed here in time, it will not be dismissed at the return term until an opportunity has been afforded the appellant to give the requisite notice. The appeal taken in open court, if docketed here in time, gives this court jurisdiction of the subject matter and invests it with power to make all orders, consistent with proper practice, which are needed in furtherance of justice. This subject was fully considered in *Hewitt* v. *Filbert*, 116 U. S. 142.

To get an appeal after the term at which the decree is rendered a party must apply to the proper justice or judge to sign a citation. If he signs it, he furnishes the appellant the means of getting his case into this court, and in legal effect allows an appeal. All the appellant has to do after that to give this court jurisdiction both of the subject matter of the appeal and of the parties, is to serve his citation and to docket the case here in time.

By § 1000 of the Revised Statutes the justice or judge is required when he signs a citation to take good and sufficient security that the appellant shall prosecute his appeal to effect,

and if he fail to make his plea good answer all costs. The failure to take such security is an irregularity, but it does not necessarily avoid the citation. The security is required, however, in the due prosecution of the appeal, and if the case is docketed here in time it will not ordinarily be dismissed because of the neglect or omission of the justice or judge to require the security until the appellant has been afforded a reasonable opportunity of curing the defect. The taking of security is not jurisdictional in its character, and its omission affects only the regularity of the proceedings. Such being the case, permission to supply it here may properly be given in furtherance of justice.

There is nothing in the case of *Castro* v. *United States,* 3 Wall. 46, or in that of *United States* v. *Curry,* 6 How. 106, which is at all inconsistent with our present ruling to the effect that in ordinary cases the signing of a citation in time by the proper justice or judge is a sufficient allowance of an appeal. *Castro's Case* arose under the act of March 3, 1851, 9 Stat. 631, c. 41, to ascertain and settle private land claims in California, which required (§ 9) appeals to be granted by the district court on the application of the party against whom the judgment was rendered. Clearly, a citation signed by a judge out of court would not be the allowance of an appeal under that statute, because that appeal must be allowed by the court. *Curry's Case* arose under the act of May 26, 1824, 4 Stat. 52, c. 173, which required an appeal to be taken within one year from the time of the rendition of the judgment, (§ 2,) and the citation was not signed before the end of that time. The jurisdiction of this court depended, therefore, entirely on the first appeal, which had become inoperative by failure to docket it at the return term.

It is, therefore,

> *Ordered that the cause stand dismissed, unless the appellants shall, on or before the 19th day of March next, file with the clerk of this court a bond in the penal sum of five hundred dollars, conditioned according to law for the purposes of the appeal, with sureties to be approved by the Justice of this court allotted to the Ninth Circuit.*

Opinion of the Court.

Similar orders may be entered in *Brown* v. *Hazzard*, and *Brown* v. *Ranck*, which were submitted on like motions.

*Mr. Attorney General Garland* on behalf of Hazzard and Ranck, and *Mr. W. W. Upton* on behalf of Ranck, for the motion.

*Mr. Leander Holmes* opposing.

