## *In re* ALEXANDER McKENZIE, PETITIONER.

### ORIGINAL.

No.  . Original. Submitted February 26, 1901.—Decided March 25, 1901.

The writ of *habeas corpus* cannot be made use of as a writ of error, and when applied for to relieve from restraint in punishment for contempt in the violation of orders of court, will not be issued unless the orders violated are absolutely void.

Orders of the District Court of Alaska, second division, appointing a receiver and granting an injunction, are appealable to the Circuit Court of Appeals for the Ninth Circuit, and on refusal of the District Court to do so, the Court of Appeals may allow such appeals with supersedeas, and grant writs of supersedeas, if considered necessary.

If a judge of the Court of Appeals allows such appeals and supersedeas, and directs the issue of writs of supersedeas, ordering among other things the restoration of the property taken possession of by the receiver, orders of the Court of Appeals approving of his action in doing so, and of the writs so issued, are not void.

Where appeals are granted and the original citation and writ of supersedeas together with certified copies of the assignments of error and of the super-.

sedeas bond and of the orders allowing the appeal are filed in the District Court, the judgment of the Circuit Court of Appeals that this is sufficient to give effect to the appeals, is not open to review on this application.

The Circuit Court of Appeals having jurisdiction in the matter of the appeal herein involved, its decrees and orders in the premises are not void and cannot be revised on *habeas corpus*.

THIS was an application by Alexander McKenzie for leave to file a petition for *habeas corpus* to relieve him from an alleged unlawful restraint under certain orders of the Circuit Court of Appeals for the Ninth Circuit committing him for contempt.

The petition stated that on July 23, 1900, McKenzie was, by the judge of the second division of the District Court of Alaska, appointed receiver of the property involved in an action then pending in said court, entitled *L. F. Melsing et al.* v. *John I. Tornanses*, and was directed by the order appointing him as receiver to take possession of and operate a certain placer mining claim situated on Anvil Creek near Nome, in the District of Alaska; a copy of the order was attached. That he duly qualified as such receiver and took possession of and operated said mine and was engaged in operating the same continuously from the time of his appointment down to and including the 14th day of September, 1900. That on the 29th of August, 1900, an appeal from said order, so appointing him receiver, was allowed by the Hon. W. W. Morrow, judge of the Circuit Court of the United States for the Northern District of California; that a citation on said appeal was on that day signed by the said circuit judge, and a supersedeas bond approved. That none of these papers were filed with the clerk of the District Court of Alaska, 2nd division, until the 14th day of September, 1900. That on the same 29th day of August, 1900, the clerk of the United States Circuit Court of Appeals for the Ninth Circuit issued a writ of supersedeas, a copy of which was attached and made a part of the petition.

"That thereafter and on the 14th day of September, 1900, a copy of such writ of supersedeas was served on your petitioner at Nome, Alaska; that your petitioner immediately ceased operations on said properties so taken possession of by him as such receiver under and in obedience to the order of the Dis-

trict Court of Alaska, 2nd division, but that your petitioner then and there refused to deliver to the defendants in said action the gold and gold dust then in his possession as receiver, and which had come to his possession from operating said properties.

"That thereafter, on the 1st day of October, 1900, the United States Circuit Court of Appeals for the Ninth Circuit made and entered an order directing the United States marshal of the Northern District of California to attach the person of the said Alexander McKenzie, and produce him before the United States Circuit Court of Appeals for the Ninth Circuit, at the city and county of San Francisco, State of California, to answer to his refusal to obey the said writ of supersedeas hereinbefore referred to ; that this matter came on regularly to be heard, and on the 11th day of February, 1901, the said United States Circuit Court of Appeals, Ninth Circuit, ordered and adjudged your petitioner guilty of contempt of said court, and adjudged that he be imprisoned in the county jail of Alameda County, California, for the period of six months, and that by virtue of said judgment and in obedience to it he is now confined in the county jail of Alameda County, California, by Oscar L. Rogers, sheriff of Alameda County, California.

"Your petitioner further states and alleges, as he is advised, that the said United States Circuit Court of Appeals for the Ninth Circuit had no jurisdiction or lawful authority to cause the arrest of your petitioner, or to proceed against him in the manner and form aforesaid, and that the said pretended process, arrest, order, trial, and judgment and warrant whereby your petitioner was committed to the custody of the said Oscar L. Rogers, sheriff, as aforesaid, and whereby he is held in the custody of the said Oscar L. Rogers, sheriff, as aforesaid, and imprisoned and restrained of his liberty, were and are, each and all of them, wholly without authority of law, in violation of law and of the just rights of your petitioner.

"That on the 29th day of August, 1900, the said Circuit Court of Appeals for the Ninth Circuit was without authority of law to issue said writ of supersedeas, so called, or order the said writ to issue, for that it did not then have jurisdiction of

the action entitled *L. F. Melsing et al.* v. *John I. Tornanses*, as at that time no appeal had been taken to the said court in the said case of *L. F. Melsing* v. *John I. Tornanses*, or from any order made or entered in said cause by the District Court of Alaska, 2nd division, because:

"(*a*) On said 29th day of August, 1900, no appeal had been taken in said cause from the District Court of Alaska, 2nd division, to the Circuit Court of Appeals for the Ninth Circuit, for on said date neither the order allowing the appeal nor the assignment of errors, nor the undertaking on appeal, nor citation, had been filed with the clerk of the District Court for the District of Alaska, 2nd division, and no appeal had been allowed by said court or the judge thereof.

"(*b*) That on the 1st day of October, 1900, when the warrant for the arrest of your petitioner was issued, the Circuit Court of Appeals for the Ninth Circuit was entirely without jurisdiction in the above-entitled cause, for on said date neither the order allowing the appeal nor any assignment of errors or undertaking on appeal had been filed with the clerk of the District Court of Alaska, 2nd division; and, further, that on said date the above-entitled cause had not been docketed in the Circuit Court of Appeals for the Ninth Circuit, nor the record in said cause filed therein, and the return day of the appeal, as designated in the order allowing the appeal herein, and citation signed by the Honorable W. W. Morrow, the judge allowing said appeal, had passed, and there had been no extension of the time to file such record.

" That the said Circuit Court of Appeals for the Ninth Circuit has been at all times without jurisdiction in the action of *L. F. Melsing et al.* v. *John I. Tornanses*, or of any order made therein, for that no appeal to said honorable court from the District Court of Alaska has ever been taken in the above-entitled action or from any order made therein by said District Court of Alaska, and that neither the order allowing an appeal signed by the Honorable W. W. Morrow on the 29th day of August, 1900, or any assignment of errors in said matter, nor any undertaking upon appeal has at any time been lodged or filed with the clerk of the said District Court of the District of Alaska.

" That the paper entitled a writ of supersedeas annexed hereto was issued by the clerk of the Circuit Court of Appeals, Ninth Circuit, on the order of the Honorable W. W. Morrow, Circuit Judge for the Ninth Circuit, and as such judge and not otherwise; that the said Honorable W. W. Morrow, Circuit Judge as aforesaid, was without authority of law to order the issuance of said writ, for that the same should only be issued, if at all, by the United States Circuit Court of Appeals for the Ninth Circuit, acting as a court, and power to issue the same was not vested in the individual judges thereof; therefore said order of said Honorable W. W. Morrow, Circuit Judge as aforesaid and the said writ issued in obedience to his order, was and is void.

" Defendant alleges that on the dates when it is alleged in the affidavits on which the warrant for the arrest of this defendant was issued this defendant failed to obey said writ of supersedeas said writ of supersedeas was inoperative and void, for that no appeal had been taken to said court in the action entitled *L. F. Melsing et al.* v. *John I. Tornanses.*

" That the United States Circuit Court of Appeals for the Ninth Circuit and the judges thereof were without authority to issue or direct the issuance of the writ of supersedeas individually in this case, inasmuch as said writ went beyond the proper scope of such writ and nullified the order of the lower court instead of directing a mere stay of proceedings.

" A judge of the Circuit Court of Appeals for the Ninth Circuit had no power to grant the supersedeas staying the proceedings in the court below herein, for the reason that such power was vested exclusively in the District Court of Alaska; that the said Court of Appeals for the Ninth District was and is without jurisdiction in the premises, because :

" (*a*) There is no provision of law authorizing an appeal from an interlocutory order from the District Court of Alaska appointing a receiver, or from an order refusing to discharge a receiver, and said appeal was not taken or attempted to be taken within the time limited by law.

" (*b*) Because the order in question made by the District Court of Alaska is an interlocutory order appointing a receiver, and

not an interlocutory order granting an injunction or refusing to dissolve an injunction.

" That the United States Circuit Court of Appeals for the Ninth Circuit did not authorize or direct the issuance of the paper entitled a writ of supersedeas, which it is claimed this defendant disobeyed, and which was issued by the clerk of the Circuit Court of Appeals, Ninth Circuit, on the 29th day of August, 1900, and that the same was issued by said clerk without authority of law and was and is void.

" Your petitioner hereto attaches a copy of the record on appeal in said cause, and a copy of the record in the matter of his alleged contempt and a copy of the testimony submitted in the trial of said alleged contempt, marked Exhibits A, B, C, and D."

Petitioner prayed for the writs of *habeas corpus* and certiorari and for his discharge.

### " Copy of Order Appointing Receiver.

" Now, on this 23d day of July, A. D. 1900, come the complainants, L. F. Melsing, H. L. Blake, D. B. Libby, W. T. Hume, and O. P. Hubbard, above set forth, and upon the complaint filed in said action on behalf of the complainants comes on for hearing the application of said complainants for the appointment of a receiver, and the same having been considered by the court and the court having been fully advised in the premises, it is now hereby—

" Ordered, adjudged and decreed that Alexander McKenzie of Nome, Alaska, be, and he is hereby, appointed receiver to take charge of and manage and control the placer mining claim mentioned and described in said complaint, and the said receiver is hereby authorized and directed to take immediate possession of said placer mining claim and to manage, mine, and work the same, and perform such other acts and things in and about said premises as are authorized by law, and to preserve the gold and gold dust and proceeds resulting from the working and mining of said claim, and to dispose of the same, subject to the further orders of this court.

" It is further ordered that the said receiver file with the

clerk of this court a proper bond with sureties to be approved
by the judge of this court, in the penal sum of five thousand
dollars, conditional for the faithful discharge of his duties as
such receiver, and 'accounting for all the funds coming into his
hands as such, according to the order of this court.

"It is further ordered that the said defendants, and each and
all of them, turn over and deliver to said receiver the immedi-
ate possession, control, and management of said placer mining
claim, and that the said defendants, and each of them, are
hereby restrained and enjoined until the further order of this
court from interfering with the control or management of said
receiver in the mining and working of said placer mining claim,
or any part thereof, or from interfering in any manner what-
ever with the possession or management of any part of the
said property over which said receiver is hereby appointed; or
in interfering in any manner to prevent the discharge of his
duties or of the operation of said property under the order of
this court, until the further order of this court."

*"Copy of Writ of Supersedeas, entitled in the Circuit Court of*
*Appeals for the Ninth Circuit.*

"United States of America, *ss:*

"The President of the United States of America to the Hon-
        orable Arthur H. Noyes, Judge of the District Court for
        the District of Alaska, second division, and to L. F. Melsing,
        H. L. Blake, D. B. Libby, W. T. Hume, O. P. Hubbard,
        and Alexander McKenzie, Greeting:

"Whereas, in the above-entitled cause appellant has petitioned
this court for an order allowing an appeal to this court from
an interlocutory order, judgment and decree given and ren-
dered herein on the 23d day of July, 1900, by the District
Court for the District of Alaska, second division, granting
unto complainants herein an injunction ordering and directing
the defendant and appellant to cease from working a certain
mining claim in said bill of complaint mentioned called No. 10
Above Discovery, on Anvil Creek, situated within said Dis-
trict of Alaska, and also ordering and directing said defendant
to turn the possession of said mine unto the said Alexander

McKenzie, as receiver thereof, and also ordering and directing said receiver to take possession of said mine and mining property and to conduct and work the same as receiver thereof, together with such other and various things as are in said order provided, and also allowing an appeal from the order made and entered by said court in said action on the 10th day of August, 1900, by which said court denied appellant's motion to vacate and set aside said first-named order, judgment and decree, and has also in said petition prayed for a writ of supersedeas, and said appeal having been by said Circuit Court of Appeals allowed and said petition for a writ of supersedeas granted upon the appellant's filing a bond in the sum of $20,000 to be approved by this court, and said bond in the sum of $20,000 with approved sureties having been filed and approved by this court:

" Now, therefore, you the said L. F. Melsing, H. L. Blake, D. B. Libby, W. T. Hume, O. P. Hubbard, Alexander McKenzie, and Arthur H. Noyes, judge of said District Court for the District of Alaska, second division, and each of you are hereby commanded that from every and all proceedings on any execution of the aforesaid order, or in anywise molesting said defendant and appellant on the account aforesaid, or in any manner interfering with his possession of said property, you entirely surcease and refrain as being superseded, and that you, the said Alexander McKenzie, do forthwith return unto said defendant the possession of any and all property of which you took possession under and by virtue of said order, and that you do make return of this supersedeas together with your acts and doings thereon to said District Court for the District of Alaska, second division, as you will answer the contrary at your peril, and you, the judge of said District Court for the District of Alaska, second division, are hereby commanded to stay any and all proceedings which may have issued as aforesaid upon said order, and to stay any and all further proceedings in relation to said order and the appointment of a receiver thereunder in this case pending the appeal last aforesaid to this court.

" Witness the Honorable Melville W. Fuller, Chief Justice of

the United States this 29th day of August, in the year of our Lord one thousand nine hundred.

[SEAL]            F. D. MONCKTON,
*" Clerk of the United States Circuit Court of Appeals for the Ninth Circuit."*

From the records and exhibits attached to the petition it appeared that on July 24, in the case of *Melsing* v. *Tornanses*, the parties claiming under Tornanses moved the District Court to vacate the order of July 23, supporting the motion by Tornanses' notice of location of his claim, by his deed of conveyance, and by numerous affidavits in respect of action thereunder. The District Judge on August 10 entered an order denying the motion made to vacate the order granting the injunction and appointing the receiver; and on August 14 defendants applied to the District Judge for an order allowing an appeal from the order granting the injunction and appointing the receiver, the proper bond on appeal being at the same time presented to the judge, together with an assignment of errors and a proposed bill of exceptions for settlement and allowance, in response to which the District Judge, on August 15, made an order "that said proposed bill of exceptions is in each and every part thereof disallowed as a bill of exceptions herein, and the settlement thereof, or of any proposed bill of exceptions herein, is hereby refused; that said petition for an order allowing said appeal is hereby denied, and said judge declines to accept or fix the amount of any bond for costs thereof or allow a supersedeas bond to be given, or fix the amount thereof."

On the same day, to wit, August 15, 1900, the judge made and entered the following order:

"It is further ordered that in addition to the powers and authorities already granted the receiver appointed, the said receiver is hereby ordered to take possession of the placer claim mentioned in the complaint herein, and all sluice boxes, dams, excavations, machinery, pipe, boarding houses, tents, buildings, safes, scales, and all other personal property fixed or movable on the said placer claim; also all gold, gold dust, precious metals, money, books of account, and each and all personal property

upon the said claim connected therewith, and in any way appertaining thereto, in possession of and under the control of the defendant, his lessees, grantees, assigns, employés; and all and every person in possession of the said claim or claiming any right, title or interest in and to the said placer claim, or any gold dust therein or any personal property thereon of any nature whatsoever, are hereby ordered to deliver the same to the said receiver, and are hereby restrained from interfering with the said receiver in quiet and peaceable possession of the same, or any agent that the said receiver may designate to take possession thereof.

"It is further ordered that this order shall revoke all and any order in conflict herewith, and does hereby revoke the same; and

"It is further ordered that this order shall remain in full force and effect until further order of this court.

"It is further ordered that a copy of this order shall be served upon any person in possession of or claiming possession of the property described."

The allowance of an appeal, the taking of a supersedeas bond, the issue and approval of a writ of supersedeas, in this and another case, followed. Certified copies of the order allowing the appeal in each case, together with certified copies of the assignments of error and of the bond, were with the original writ of supersedeas and the original citation in each case filed in the lower court on the 14th of September, 1900, and copies thereof served at once upon the receiver McKenzie and a demand made upon him for restitution of the property in accordance with the writs.

The Circuit Court of Appeals from the evidence taken on the hearing of the proceedings in contempt found the fact to be "that the respondent McKenzie thereupon refused and continued to refuse to restore in accordance with the requirements of the writs of supersedeas, the gold, gold dust, and other personal property received by him under the orders of the trial court, and that fact being made to appear to this court by affidavits on the 1st day of October, 1900, and it further being made to appear to this court that the last steamer for the season

would leave the city of Seattle for Nome within a few days, and that no further communication could be had with that section of the country until the spring or early summer of 1901, this court thereupon made an order directing its marshal to proceed to Nome, enforce its writs of supersedeas, arrest the offending receiver and produce him at the bar of this court. The evidence taken upon the hearing of these proceedings is also to the effect, and we so find the fact to be, that the receiver McKenzie at all times had it within his power to comply with the requirements of the writs of supersedeas issued out of this court; that he contumaciously refused to restore the gold, gold dust, and other personal property to the defendants, as required by those writs, and has continued such refusal ever since."

*Mr. J. M. Wilson, Mr. T. J. Geary, Mr. C. A. Severance,* and *Mr. F. B. Kellogg* for petitioner.

No opposing appearance.

CH. JUSTICE FULLER, after making the above statement, delivered the opinion of the court.

The writ of *habeas corpus* cannot be availed of as a writ of error and unless the writ or orders, for a violation of which petitioner is being punished, in the case referred to in the petition, were absolutely void, this application must be denied. Accordingly it is contended that there was no legal authority for the issue of the writ of supersedeas, and that the Circuit Court of Appeals had not, at the time the writ was issued, nor at any other time, jurisdiction of the appeal in question.

It is said the appeal was not "taken" until the allowance thereof was filed in the office of the District Court for the District of Alaska.

In *Credit Company* v. *Arkansas Central Railway Company,* 128 U. S. 258, a final decree had been entered in the Circuit Court for the Eastern District of Arkansas dismissing a bill for want of equity on the 22d of January, 1883, and on the 22d of January, 1885, a petition for an appeal was presented to Mr.

Justice Miller in Washington and allowed, citation signed, and bond approved. These papers were filed with the clerk of the Circuit Court, January 27, 1885, being five days after the ex-piration of two years from the date of the final decree. It was ruled that an appeal could not be said to be "taken" until it was in some way presented to the court which made the decree appealed from, thereby putting an end to its jurisdiction over the cause and making it its duty to send it to the appellate court.

In *Brandies* v. *Cochrane,* 105 U. S. 262, it was decided that in the absence of a petition and allowance, the filing of the appeal bond, duly approved by a justice of this court, was sufficient evidence of the allowance of an appeal, and was a compliance with the law requiring the appeal to be filed in the clerk's office.

In *Brown* v. *McConnell,* 124 U. S. 489, it was held that the signing of a citation returnable to the proper term of this court, though without the acceptance of security, nevertheless constituted an allowance of appeal which would enable this court to take jurisdiction and to afford the appellants an opportunity to furnish the requisite security here.

In these cases the original citation and the original writ of supersedeas together with certified copies of the assignment of errors and of the supersedeas bond and of the orders allowing the appeals, were filed in the District Court, September 14, 1900. This was held by the Circuit Court of Appeals sufficient to give effect to the appeals, and we concur in that conclusion if treated as open to reëxamination here.

It is also contended that an appeal did not lie from the orders of July 23 and August 10, inasmuch as they were interlocutory orders in respect of the appointment of a receiver. June 6, 1900, an act was passed "making further provision for the civil government in Alaska and for other purposes," 31 Stat. 321, c. 786, section 504 of which provided: "Appeals and writs of error may be taken and prosecuted from the final judgments of the District Court for the District of Alaska, or any division thereof direct to the Supreme Court of the United States in the following cases, namely: . . . and that in all other cases

where the amount involved or the value of the subject-matter exceeds five hundred dollars, the United States Circuit Court of Appeals for the Ninth Circuit shall have jurisdiction to review by writ of error or appeal the final judgments, or orders, of the District Court.

Section 507 read as follows: "An appeal may be taken to the Circuit Court of Appeals from any interlocutory order granting or dissolving an injunction, refusing to grant or dissolve an injunction, made or rendered in any cause pending before the District Court within sixty days after the entry of such interlocutory order. The proceedings in other respects in the District Court in the cause in which such interlocutory order was made shall not be stayed during the pendency of such appeal, unless otherwise ordered by the District Court."

Section 508 provided that "all provisions of law now in force regulating the procedure and practice in cases brought by appeal or writ of error to the Supreme Court of the United States or to the United States Circuit Court of Appeals for the Ninth Circuit, except in so far as the same may be inconsistent with any provision of this act, shall regulate the procedure and practice in cases brought to the courts, respectively, from the District Court for the District of Alaska."

Section seven of the judiciary act of March 3, 1891, as amended by the act of February 18, 1895, 28 Stat. 666, c. 96, provided that where upon a hearing in equity in a District Court or a Circuit Court, an injunction should be granted, continued, refused, or dissolved by an interlocutory order or decree, or an application to dissolve an injunction should be refused, an appeal might be taken from such interlocutory order or decree to the Circuit Court of Appeals within thirty days from the entry of such order or decree; "and the proceedings in other respects in the court below shall not be stayed unless otherwise ordered by that court during the pendency of such appeal." On June 6, 1900, the section was further amended so as to allow such appeals from orders appointing a receiver. 31 Stat. 660, c. 803. Reading these acts in *pari materia*, as we should, it may well be concluded that appeals were thereby authorized from the District Court of Alaska from interlocutory orders appointing

receivers, and that such appeals might be prosecuted from that court within sixty days from the entry of such orders. Moreover, the order of July 23, granted an injunction in connection with the appointment of the receiver. In the case of the *Tampa Railroad Co.*, 168 U. S. 583, decided before the statute was amended, it was held that an appeal would lie from such an order and would bring up the entire order, including the appointment.

In *Highland Avenue Railroad* v. *Columbian Equipment Co.*, 168 U. S. 627, the order was confined to the appointment of the receiver, and contained no injunction.

The Circuit Court of Appeals, however, held that these orders were final decrees, and appealable as such. As we are of opinion that an appeal was allowable on other grounds we need not discuss the correctness of this view.

Granting all this, it is further insisted that the writ of supersedeas was void because not directed to be issued by the Court of Appeals as a court. By section four of the act of March 3, 1891, it is provided that "the review, by appeal, by writ of error, or otherwise, from the existing Circuit Courts shall be had only in the Supreme Court of the United States or in the Circuit Courts of Appeals hereby established according to the provisions of this act regulating the same;" and by section eleven that "any judge of the Circuit Courts of Appeals, in respect of cases brought or to be brought to that court, shall have the same powers and duties as to the allowance of appeals or writs of error, and the condition of such allowance, as now by law belong to the justices or judges in respect of the existing courts of the United States respectively." That this court as a court has power to issue a writ of supersedeas under section 716 of the Revised Statutes is clear for that section concedes its power to issue writs not specifically provided for by statute, which may be necessary for the exercise of its jurisdiction and agreeably to the usages and principles of law. This is equally true of the Circuit Courts of Appeals under § 12 of the act of March 3, 1891.

Although the issue of the writ is not ordinarily required there are instances in which it has been done, under special circum-

stances, and in furtherance of justice. *Stockton* v. *Bishop*, 2 How. 74; *Hardeman* v. *Anderson*, 4 How. 640; *Ex parte Milwaukee Railroad*, 5 Wall. 188.

In *In re Claasen*, 140 U. S. 200, we held, referring to sections 1000 and 1007 of the Revised Statutes, that a justice of this court had authority not only to allow the writ of error but also to grant the supersedeas. After the decision in that case Rule 36 was adopted providing that any justice of this court or any Circuit Judge within his circuit or any District Judge within his district might allow an appeal or writ of error, take proper security, and sign the citation, and that he might "also grant a supersedeas and stay of execution, or of proceedings, pending such writ of error or appeal."

The court below had refused to grant an appeal and as an appeal lay, the judge of the Circuit Court of Appeals had the power to award it and to grant a supersedeas, and if in his judgment a writ of supersedeas was required, under the particular circumstances, the order for it to issue was not in itself void, nor was the process void, issued under such order. Obedience to an order granting a supersedeas is as much required as to an order for a writ of supersedeas and to the writ thereupon issued. The essential point is that the order or decree below is superseded, and the parties affected must govern themselves accordingly.

Nor do we think that the language used in section 507 of the Alaska Code operated as a limitation on the power of the Court of Appeals to grant a supersedeas. It is true that the section provided that "the proceedings in other respects in the District Court in the cause in which such interlocutory order was entered, shall not be stayed during the pendency of such appeal, unless otherwise ordered by the District Court." And similar language was used in section seven of the judiciary act of March 3, 1891.

In *In re Haberman Manufacturing Co.*, 147 U. S. 525, 530, it was held that in view of the terms of the act the lower court had a discretion to grant or refuse a supersedeas, and that thereupon this court would not issue a mandamus to command the judge of that court to approve a supersedeas bond, to supersede

an injunction, and to enter an order vacating the injunction. Even if the language used be given this scope beyond proceeding with the main cause, it nevertheless does not interfere with the inherent power of the appellate court to stay or supersede proceedings on appeal from such orders as those here. Tested by the principles and rules which relate to chancery proceedings, the power of the appellate court to render its jurisdiction efficacious, the court below refusing to do so, is unquestionable.

The frame of the writs in these two cases, one of which is attacked on this application, was approved by a specific order of the Circuit Judge; but it is objected that so much thereof as directed the receiver to restore the property taken by him was void. The authorities are many that where the appointment of a receiver is superseded, it may become his duty to restore that which has come to his hands to the parties from whom it has been withdrawn, and that this may be directed to be done. It is at all events evident that an order that he should do so is not void in itself. We cannot on this application review the judgment of the Circuit Court of Appeals sustaining such an order and approving of the writs as issued.

The opinion of the Circuit Court of Appeals presents a comprehensive review of the facts and circumstances surrounding the granting of the orders appealed from, but it has not been necessary to recapitulate these matters at length on this inquiry. The question before us is whether petitioner is unlawfully restrained of his liberty by way of punishment for violation of orders absolutely void.

The distinction between a total want of power and a defective exercise of it is obvious, and want of power cannot be predicated of mere errors, if such were committed here, which we do not intimate.

We hold that the Circuit Court of Appeals had jurisdiction in the premises, and was clothed with the power to pass on all questions in respect of the means taken to enforce and maintain it. We are not called on to revise its conclusions on this application. It is enough that, in our judgment, it has not exceeded its powers.

*Leave denied.*