### SWIFT & CO. v. KORTRECHT et al.

(Circuit Court of Appeals, Sixth Circuit. June 15, 1901.)

No. 927.

**1. APPEAL—PARTIES—ALLOWANCE IN OPEN COURT.**

The allowance of an appeal in open court at the same term at which the decree is entered binds all parties to the record, and brings into the appellate court all parties necessary to a determination of the rights of the appellant, without the necessity of citation or of severance.

**2. SAME—DISMISSAL—DEFECTIVE BOND.**

While, for greater certainty, all obligees in an appeal bond should be named therein, an appeal duly allowed will not be dismissed by the circuit court of appeals because they are not so named, but opportunity will be given to file a new bond.

Appeal from the Circuit Court of the United States for the Western District of Tennessee.

On motions to dismiss appeal.

James H. Malone and John P. Edmondson, for appellant.

R. G. Brown, for appellees Kortrecht and others.

Randolph & Randolph, for appellees Memphis Nat. Bank and others.

Before LURTON, DAY, and SEVERENS, Circuit Judges.

LURTON, Circuit Judge. This case is heard upon two motions made by one of the appellees, the Memphis National Bank, to dismiss the appeal on the following grounds:

"(1) That appellant has not made Augusta Kortrecht, Minnie A. Graham, individually, Thos. J. Graham, Jr., Stewart B. Graham, Octavia Mary Graham, Arthur S. Graham, F. T. Edmondson, guardian ad litem, Jno. M. Seons, trustee, Benjamin W. Hirsh, trustee, and T. J. Lathem, trustee, all defendants to their cross bill, parties to this appeal, as required by law, and has not summoned or notified them of this appeal."

"(2) That the appeal bond given by appellant herein is made payable to A. H. Kortrecht et al., the names of the obligees other than A. H. Kortrecht not being set out."

The persons named in the motion as not made parties to the appeal were all defendants to a cross bill filed by the appellant, Swift & Co., and the appeal is from the decree disallowing the relief sought under the cross bill. The appeal was prayed and allowed in open court at the same term at which the decree was pronounced. That a citation was ordered and issued to certain appellees was superfluous. No citation or other notice than that resulting from the allowance of the appeal was necessary. The case is controlled by the opinion in King v. Thompson (decided by this court at this session), 110 Fed. 319.

The motion to dismiss because the names of all the obligees in the appeal bond are not set out must be also disallowed. This court has acquired jurisdiction by the allowance of the appeal. This is the return term, and an appeal will not be dismissed without allowing the appellant to give the requisite bond here. O'Rielly v. Edrington, 96 U. S. 724, 726, 24 L. Ed. 659; Brown v. McConnell, 124 U. S.

489, 490, 8 Sup. Ct. 559, 31 L. Ed. 495. Without deciding that a bond running to "A. H. Kortrecht et al." would not inure to all of the appellees, we are of opinion that the obligees should be named for certainty. It is accordingly ordered that the appellant file a proper appeal bond on or by July 2d next.

The court prefers that causes shall be orally argued, when reasonably possible. This case has been submitted upon briefs upon the motions to dismiss and upon the merits. The court directs that the cause be restored to the hearing docket, and requests oral argument upon the merits when the cause shall be again called.