In re CHOW LOY.

(Circuit Court, D. Maine. September 2, 1901.)

No. 186.

1. APPEAL—PRACTICE.

Mere appearance of an attorney and giving notice of an appeal does not constitute an appeal under the Chinese exclusion act of September 13, 1888 (25 Stat. 476) § 13, providing, without pointing out the manner of appeal, that any Chinese person convicted before a commissioner of a United States court may within 10 days from such conviction appeal to the judge of the district court for the district.

2. HABEAS CORPUS.

If the appeal under Chinese Exclusion Act Sept. 13, 1888 (25 Stat. 476) § 13, is not to the district judge as district judge, but to the district court, as claimed by the petitioner, any irregularities in the proceedings cannot be reviewed by habeas corpus; but the remedy is by appeal to the circuit court of appeals. U. S. v. Gee Lee, 50 Fed. 271, 1 C. C. A. 516, doubted.

Isaac W. Dyer, for the United States.
John S. Richardson, for Chow Loy.

PUTNAM, Circuit Judge. On a warrant issued in accordance with "An act to prohibit the coming of Chinese laborers to the United States," approved on September 13, 1888 (25 Stat. 476), the petitioner was brought before William M. Bradley, a United States commissioner within and for the district of Maine, as a Chinese laborer unlawfully within the United States; and, after hearing, an order for his deportation was made by the commissioner on May 23, 1901, and on May 24, 1901, a warrant was issued accordingly. On May 31, 1901, the following occurred, as is shown by the record of the commissioner, namely: "Levi Turner, Esq., appears and gives notice of appeal." Mr. Turner was employed in the matter as the attorney of the present petitioner. On July 3d Mr. Turner withdrew his appearance, and on July 11th the following occurs in the record of the commissioner, namely: "John S. Richardson, Esq., of Boston, offers to appear and prosecute appeal." So far as the record before us is concerned, nothing further was done before the commissioner with reference to the appeal, and no formal paper of appeal was filed. Thus the matter rested until, on Mr. Richardson's appearing on the 11th day of July, the commissioner entered the appeal in the clerk's office of the district court for the district of Maine, and some time prior to the 30th day of July the matter was brought to the attention of the judge of the district court for that district. The precise day when it was thus brought to his attention is not stated. Subsequently, on a motion by the United States, the district judge, stating that he was of the opinion that the appeal was not presented within the proper time, and that the delay was not excusable, and was therefore to be construed as an abandonment of the appeal, ordered the case dismissed. This order was made on July 30, 1901. Throughout the proceedings the learned district judge assumed, and apparently held, that the matter was pending before him as a district judge, and not in the district court. Thereupon this petition for a writ of habeas corpus was seasonably brought in this court, claiming that the petitioner had had no proper hearing on appeal, and that in consequence thereof his detention by virtue of the warrant issued by the commissioner is unlawful.

Section 13 of the act referred to provides that any Chinese person convicted before a "commissioner of a United States court" may, within 10 days from such conviction, "appeal to the judge of the district court for the district." The context shows that the word "conviction" here refers to an order that the Chinese person in question shall be removed from the United States to the country whence he came, and that it does not refer to any "conviction," in the proper sense of the word, of a criminal offense. Inasmuch as section 13 provides that the warrant issued on the complaint, which the section authorizes, may be made "returnable before any justice, judge or commissioner of the United States court, or before any United States court," and for an appeal only in case the warrant is returned before a commissioner, it would seem to follow that the judge of the

district court acts on appeal in the same capacity as though the warrant had been first returned before him. Moreover, as the provision with reference to the return of the warrant in the same section expressly distinguishes between a judge of a United States court and a United States court, it would seem to follow, on just rules of construction, that this distinction must run throughout the section. Nevertheless, in U. S. v. Gee Lee, 50 Fed. 271, 273, 1 C. C. A. 516, the circuit court of appeals for the Ninth circuit held that, so far as an appeal from the commissioner is concerned, the words "the judge of the district court for the district" are to be read the same as though the words "the judge" were not there, and that the appeal is to the court, so that an appeal lies to the circuit court of appeals from the judgment on the appeal from the commissioner.

Looking, however, at the facts which the record discloses, to which we have referred, it is not possible to say that any appeal from the commissioner was properly taken. The statute does not point out in what way the appeal shall be taken, or how it shall be brought to the attention of the judge of the district court, or to the court, as the case may be; but certainly the mere fact that an attorney appeared and gave notice of an appeal, nothing else occurring within the 10 days specified by section 13, cannot meet the purposes of the statute, and the learned judge of the district court was right in dismissing the case.

Having regard, however, to the disposition of the courts in this circuit to apply the rule stare decisis with reference to the decisions of the circuit courts of appeals of other circuits, we perhaps ought to follow the circuit court of appeals for the Ninth circuit in U. S. v. Gee Lee. In that event the only remedy which the petitioner has is by an appeal to the circuit court of appeals for this circuit, because a writ of habeas corpus cannot be made use of in regard to irregularities which are thus justiciable. In re Lennon, 166 U. S. 548, 552, 17 Sup. Ct. 658, 41 L. Ed. 1110; In re McKenzie, 180 U. S. 536, 546, 21 Sup. Ct. 468, 45 L. Ed. 657. In either view the same result is reached.

There will be an order that the petition be dismissed.