**ROSS et al. v. WHITE et al.**

Circuit Court of Appeals, Sixth Circuit.
May 10, 1929.

No. 5241.

John A. Pitts, of Nashville, Tenn., E. W. Ross, of Savannah, Tenn., and W. G. Timberlake, of Jackson, Tenn., for appellants.

H. C. Murchison and Hu C. Anderson, both of Jackson, Tenn., for appellees.

Before DENISON, MOORMAN, and HICKS, Circuit Judges.

PER CURIAM. Appellants filed an intervening bill in equity in the cause of International Life Insurance Co. v. Thomas B. Carroll and others, then pending in the Eastern Division of the Western District of Ten-

nessee, making claim to the proceeds of certain insurance policies upon the life of John W. Ross, deceased, theretofore paid into said court. By decree entered June 25, 1928, the intervening bill was dismissed. Thereafter, on July 25, 1928, interveners filed with the clerk of the District Court a so-called appeal, attaching thereto their assignments of error and tendering a bond for security for costs in the sum of $500. This notice of appeal concluded with a prayer that the bond "may be properly approved and filed." A copy of the notice of appeal was served upon opposing counsel in lieu of citation. The appeal was not allowed in open court nor by order signed by the judge. The appeal bond was approved by neither court nor clerk, and, as stated, no citation was issued. Motion is now made to dismiss the appeal.

The procedure adopted by appellants was quite manifestly predicated upon the provisions of section 2 of the Act of Congress approved January 31, 1928, and entitled "An act in reference to writs of error." Chapter 14, 45 Stat. 54. This section might be construed as referring, not only to cases which theretofore had been the subject of error proceedings and in which review had been obtained by writ of error, but also to actions in equity as "cases where an appeal may be taken as of right," and provided that therein "no petition of appeal or allowance of an appeal shall be required." By reason of the confusion arising generally under the provisions of this act, section 2 thereof was in effect wholly repealed, and a new section was substituted, by the Act of April 26, 1928, c. 440, 45 Stat. 466 (28 USCA § 861b); the new section applying only to cases where review theretofore had been obtained by writ of error. Counsel for appellants was evidently unadvised of this repeal and substitution, and hence failed to follow the established practices for appeal in equity.

The applicable section of the United States Code is title 28, § 230 (28 USCA § 230), being paragraph (c) of section 8 of the Act of February 13, 1925, c. 229, 43 Stat. 940, which reads: "No writ of error or appeal intended to bring any judgment or decree before a Circuit Court of Appeals for review shall be allowed unless application therefor be duly made within three months after the entry of such judgment or decree." Having in mind the fact that this action was in equity and that as such it is unaffected by the act abolishing writs of error, as amended April 26, 1928, the questions are whether an allowance of the appeal is a prerequisite, whether there was such an allowance and

whether the action taken by counsel for appellants amounted to an "application" for appeal under the section just above quoted, permitting allowance to be supplied after the expiration of three months.

This section superseded the portion of section 11 of the Act of March 3, 1891, c. 517, 26 Stat. 829, providing that no appeal or writ of error "shall be taken or sued out except within six months after the entry of the order, judgment, or decree sought to be reviewed." This language, "taken or sued out," or "brought," as applied to a writ of error, and "taken," as applied to an appeal, as provided in the earlier acts, has been the subject of judicial construction since early times.

In Brooks v. Norris, 11 How. 204, 207 (13 L. Ed. 665), Mr. Chief Justice Taney said: "The writ of error is not brought, in the legal meaning of the term, until it is filed in the court which rendered the judgment. It is the filing of the writ that removes the record from the inferior to the appellate court, and the period of limitation prescribed by the act of Congress must be calculated accordingly. The day on which the writ may have been issued by the clerk, or the day on which it is tested, are not material in deciding the question."

In Barrel v. Western Transportation Co., 3 Wall. 424, 18 L. Ed. 168, the record showed that no appeal had been prayed or allowed in the Circuit Court. The case was dismissed, Mr. Chief Justice Chase saying: "The proceeding in the case is not warranted by any act of Congress, and we have no authority to act on such a petition. The filing of it in the clerk's office, even if it could be regarded as addressed to the Circuit Court, would be of no avail, unless accompanied by an allowance of an appeal by that court, and in the case before us there was no allowance."

Again in Pierce v. Cox, 9 Wall. 786, 19 L. Ed. 786, the appeal was dismissed because of insufficiency of amount in controversy, but the court adds: "There is, moreover, no evidence in the record of any allowance of appeal; and without an allowance this court cannot acquire jurisdiction."

In Credit Co., Limited, v. Arkansas Cent. Ry., 128 U. S. 258, 261, 9 S. Ct. 107, 108 (32 L. Ed. 448) Mr. Justice Bradley again stated the rule in language frequently quoted with approval: "An appeal cannot be said to be 'taken,' any more than a writ of error can be said to be 'brought,' until it is, in some way, presented to the court which made the decree appealed from, thereby putting an end to its jurisdiction over the cause, and

making it its duty to send it to the appellate court." Monger v. Shirley, 131 U. S. ex append., 20 L. Ed. 635.

In Farrar v. Churchill, 135 U. S. 609, 612, 10 S. Ct. 771, 772 (34 L. Ed. 246) Mr. Chief Justice Fuller restates the rule: "As it is the filing of the writ of error in the court which rendered the judgment that removes the record, the writ of error is not brought in the legal meaning of the term until it is so filed, Brooks v. Norris, 11 How. 204 [13 L. Ed. 665]; nor is an appeal 'taken' until it is in some way presented to the court' which made the decree appealed from."

The same rule is also stated in Old Nick Williams Co. v. U. S., 215 U. S. 541, 543, 30 S. Ct. 221 (54 L. Ed. 318), and has been recognized in this circuit in at least three cases. Thus the motion to dismiss a writ' of error, because not brought within time, was allowed in Kentucky Coal, Timber, Oil & Land Co. v. Howes (C. C. A.) 153 F. 163 (opinion by Judge [later Mr. Justice] Lurton). In Randall Co. v. Foglesong Mach. Co. (C. C. A.) 200 F. 741, the motion was denied only because counsel had done all they could do to procure allowance of appeal within time. In Camden Iron Works Co. v. Cincinnati (C. C. A.) 241 F. 846, the Randall Co. Case, supra, was so explained, the issuance of a writ of error was recognized as jurisdictional and the proceedings in error were dismissed, although the papers had been lodged with the clerk within time, but without action thereon requested or had. See, also, Darnell v. Ill. Cent. R. Co., 206 F. 445, 447 (C. C. A. 6).

In Green v. City of Lynn, 87· F. 839, the Circuit Court of Appeals for the First Circuit held that the filing of the petition for appeal, with assignment of errors, in the office of the clerk was insufficient, saying: "Though the Supreme Court has often said that signing a citation or approving a bond is equivalent in law to the allowance of an appeal, it has never said, so far as we can discover, 'that an allowance in some form could be dispensed with." Green v. City of Lynn is followed in Blaffer v. New Orleans Water Supply Co., 160 F. 389, 390 (C. C. A. 5).

In Threadgill v. Platt, 71 F. 1, 3 (Circuit Court, Va.), it was held: "To give the appellate court jurisdiction of a writ of error, the writ must be sued' and filed in the court below within the time prescribed by law, and this requirement cannot be waived by the parties." To the same effect is Stevens v. Clark (C. C. A.) 62 F. 321, 324.

As has been suggested in some of the foregoing quotations, the Supreme Court has repeatedly recognized that approval by the trial court of the appeal bond or the signing of a citation by the court is sufficient allowance of appeal. See, also, Brandies v. Cochrane, 105 U. S. 262, 26 L. Ed. 989; Brown v. McConnell, 124 U. S. 489, 490, 8 S. Ct. 559 (31 L. Ed. 495). But unless some novel effect is to be given to the substitution of the words "unless application therefor be duly made" for the former provision that no appeal or writ of error "shall be taken or sued out," the repeated adjudications, of which the foregoing citations are but a partial list, would seem to be conclusive upon the doctrine that the appellate court does not acquire jurisdiction until the appeal is allowed, either in open court at the same term, or until the petition for appeal, or its equivalent, is presented to either a Circuit or District Judge and acted upon by such judge, or until counsel has done all that could reasonably be required of counsel to accomplish such result (viz. as in Randall Co. v. Foglesong Machine Co., supra). The mere filing with the clerk of an application or notice of appeal, not presented to the judge, cannot be construed as an application "duly made," within the language of 28 USCA § 230, which in terms refers to an allowance. Such application, to be in due form, must be made to the judge and acted upon by him. Compare, also, Vaughan v. American Ins. Co., 15 F.(2d) 526 (C. C. A. 5).

Lastly, it appears that on or about August 20, 1928, or within three months of the decree in the District Court, the clerk completed the transcript of record and certified to it as a true, perfect, and correct copy of the original papers. To this certification the District Judge added the additional certificate that the clerk was, at the date of said certificate, clerk of said court, and that his attestation was in due form. It is not considered that this authentication of the certificate of the clerk is in any sense an allowance of the appeal, or to be classified with the more pertinent, essential, and affirmative acts of approval of the appeal bond and of signing the citation which have been held to be the equivalents of allowance of appeal. Accordingly, the appeal herein would not seem to have been properly taken within the time prescribed, or, in fact, at all. This defect in jurisdiction cannot be waived, as is urged, by the filing of briefs upon the merits, nor an estoppel thereby created.

As this motion involves a general question of practice, this opinion has also been sub-

mitted to Judge Hickenlooper and is approved by him.

The motion to dismiss is allowed.