## In re GLAZER'S, Inc.

## LAMSON CO., Inc., v. EVANS.

### No. 488.

Circuit Court of Appeals, Second Circuit.

July 25, 1933.

Daniel Pouzzner and Samuel Campner, both of New Haven, Conn., for appellant trustee in bankruptcy.

Townsend & Kindleberger, of New York City (E. Crosby Kindleberger and Howard C. Campbell, both of New York City, of counsel), for claimant-appellee Lamson Company, Inc.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

Lamson Company, Inc., filed a claim with the trustee in bankruptcy of Glazer's, Inc., in the sum of $5,977.47. The referee allowed $706 of the claim, but disallowed the item of $5,271.47 because he deemed it was based upon a provision in the contract upon which the proof of claim was founded which provided for an illegal penalty. Lamson Company, Inc., petitioned to review the referee's order, and the District Judge reversed the referee and allowed the claim in full. The order of reversal was made on December 15, 1932. We are asked to review the decision of the District Court on appeal.

A judgment allowing or rejecting a claim in bankruptcy must be reviewed by appeal. Section 25a of the Bankruptcy Act, as amended, reads as follows:

"Appeals, as in equity cases, may be taken in bankruptcy proceedings from the courts of bankruptcy to the circuit court of appeals of the United States * * * in the following cases, to wit, (1) From a judgment adjudging

or refusing to adjudge the defendant a bankrupt; (2) From a judgment granting or denying a discharge; and (3) From a judgment allowing or rejecting a debt or claim of $500 or over. Such appeal shall be taken within thirty days after the judgment appealed from has been rendered, and may be heard and determined by the appellate court in term or vacation, as the case may be," as amended by Act May 27, 1926, c. 406, § 10, 44 Stat. 665, 11 U. S. C. § 48 (11 USCA § 48 (a).

The order sought to be reviewed is one "allowing or rejecting (a) * * * claim of $500 or over" and, therefore, is reviewable as a matter of right by appeal and not by allowance by the Circuit Court of Appeals under section 24b of the Bankruptcy Act (11 USCA § 47 (b). The scope of the review in the two cases is quite different, for in the second it extends only to matters of law.

General Order in Bankruptcy No. 36 of the Supreme Court (11 USCA § 53) provides that:

"1. Appeals from a court of bankruptcy to a circuit court of appeals * *. * shall be allowed by a judge of the court appealed from or of the court appealed to, and shall be regulated, except as otherwise provided in the act, by the rules governing appeals in equity in the courts of the United States."

On January 5, 1933, the trustee in bankruptcy filed a petition in the office of the clerk of this court in which he prayed that the order of December 15, 1932, should be revised in matters of law under section 24b of the Bankruptcy Act (11 USCA § 47 (b) and rules of practice in such case provided; that the same be reversed, and for such other and further relief as might be just and proper. The petition was entitled in the United States Circuit Court of Appeals for the Second Circuit in the Matter of Glazer's, Inc., Bankrupt, and was addressed to the Judges of the Court of Appeals. On the same day a written notice entitled United States District Court, District of Connecticut, in the Matter of Glazers, Inc., signed by Daniel Pouzzner, attorney for the petitioner, was served upon the attorneys for Lamson Company, Inc., notifying them that the petition to revise, of which a copy was annexed would that day be filed in the office of the clerk of the United States Circuit Court of Appeals for the Second Circuit.

By a later petition verified January 21, 1933, and entitled in the United States Circuit Court of Appeals for the Second Circuit and signed by Daniel Pouzzner, attorney for the trustee, leave was prayed for to change the title of the petition so as to strike out the phrase "Petition to review in bankruptcy" and to substitute in its stead the word "Appeal" and to strike out the prayer for relief in the petition and to substitute in its place the words: "Hereby appeals from the ruling and order of the Court, according to the rules and practice of the Bankruptcy Act in such case made and provided, and prays for such other and further relief as may be just and proper." Upon this last petition the District Judge approved and allowed the appeal on January 23, 1933.

This petition seems to have been filed in the District Court for the order allowing the appeal is appended to it in the record.

It appears from the foregoing that the petition to amend was filed and the appeal was allowed more than thirty days after the entry of the order sought to be reviewed.

■ Petitions to revise were abolished by chapter 406, section 9, of the Act of May 27, 1926 (44 Stat. pt. 2, p. 664 [11 USCA § 47]). Since that date the only way of reviewing orders of the District Court in bankruptcy has been by direct appeal in cases where an appeal is a matter of right under the statute, and by so-called "supervisory appeal" affecting solely matters of law where the latter appeal is allowed by the Circuit Court of Appeals.

The appellant discovered too late that it had attempted to proceed under the statute as it existed before the amendment of 1926 and had not taken the appeal within thirty days after the order allowing the claim was made. He then sought to cure the mistake by an amendment of the original petition to revise that had been filed in the Circuit Court of Appeals. But no petition had been filed seasonably in the District Court which might be amended, and no order was granted by any court amending the original petition filed in the office of the clerk of the Court of Appeals. If we should regard the petition to amend which was filed in the District Court, on or after its date of verification of January 21, 1933, as an amendment nunc pro tunc of the original petition in the Circuit Court of Appeals, the appellant could fare no better. An application to allow an appeal might properly have been made either to a District or Circuit Judge (General Order 36 [11 USCA § 53], Rule No. 32 of the Circuit Court of Appeals, Second Circuit) but no such application was made within the thirty days to either. That period had expired before any paper was filed in the District Court or any

application was made to the judge who allowed the appeal.

In Alaska United Gold Mining Co. v. Keating (C. C. A.) 116 F. 561, 564, it was held that the absence of the customary petition, even though such a document was required by the local rule of the Court of Appeals, was a defect of form rather than of substance where the clerk had issued a writ of error and a judge had "approved a supersedeas bond, and signed and issued a citation requiring the defendant to appear " * * 'pursuant to a writ of error filed in the clerk's office of the United States district court. * * * '" Appeals have long been treated as perfected, where a judge has taken security or signed a citation, though no orders have been made formally allowing them. Brown v. McConnell, 124 U. S. 489, 8 S. Ct. 559, 31 L. Ed. 495; Brandies v. Cochrane, 105 U. S. 262, 26 L. Ed. 989; Davidson v. Lanier, 4 Wall. 447, 18 L. Ed. 377; Louisville Trust Co. v. Stockton (C. C. A.) 72 F. 1. But we find no decision holding an appeal perfected where no step was taken in the court from which the appeal lay until after the time to take the appeal had expired.

We are referred to the decision of the Circuit Court of Appeals of the Third Circuit in Cohen v. Schultz, 43 F.(2d) 340. In that case the District Court had made an order on August 8, 1929, awarding priority to a claim. The trustee in bankruptcy filed a petition to revise on September 7, 1929, and on the same date Circuit Judge Davis made an order allowing the petition to be filed in the Circuit Court of Appeals. In these circumstances the appellate court treated the petition to revise as an appeal and decided the appeal on the merits. No petition for allowance of an appeal was filed in the District Court, but the petition to revise was submitted to a Circuit Judge (who might allow appeals) within thirty days and he took action upon it at once. In the case at bar there was not only no petition filed seasonably in the District Court but both the original petition and the petition to amend it were addressed to the judges of the Circuit Court of Appeals and the petition to amend was only verified and submitted to Judge Hincks after the thirty days had expired. We hold that a petition that was neither filed in the District Court in accordance with our Rule 10, nor submitted to any judge to be acted upon, within thirty days after the entry of the order appealed from, furnished no basis for an appeal.

The appeal is dismissed for lack of jurisdiction.