## WAYNE UNITED GAS CO. v. OWENS–ILLINOIS GLASS CO. et al.
### No. 4037.

Circuit Court of Appeals, Fourth Circuit.
April 15, 1936.

Fred O. Blue, of Charleston, W. Va. (T. Brooke Price, Blue, Dayton & Campbell, and Price, Smith & Spilman, all of Charleston, W. Va., on the brief), for appellant.

H. D. Rummel, of Charleston, W. Va. (W. James MacIntosh, of Philadelphia, Pa., and Rummel, Blagg & Stone, of Charleston, W. Va., on the brief), for appellees.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PER CURIAM.

This is a petition for the allowance of an appeal under section 24b of the Bankruptcy Act, as amended, 11 U.S.C.A. § 47(b). The order of which review is sought was entered March 2, 1936, in a proceeding for corporate reorganization under section 77B, as amended, 11 U.S.C.A. § 207. The court found that the petitions of the debtor, and the plan of reorganization set out and described therein, did not present a feasible method of reorganization; that they did not adequately or fairly provide for the protection of the rights and interests of the holders of first mortgage bonds; that the holders of more than 92 per cent. of such bonds had refused to approve or accept the plan; and that the petitions did not comply with the requirements of the statute and were not filed in good faith within the meaning of its terms. The petitions were thereupon disapproved and dismissed.

We think it clear that the order dismissing the petition, being the equivalent for procedural purposes of a judgment refusing to adjudge petitioner a bankrupt, was reviewable only by appeal under section 25a of the Bankruptcy Act, as amended, 11 U.S.C.A. § 48(a). Meyer v. Kenmore Granville Hotel Co., 56 S.Ct. 405, 80 L.Ed. ——. The fact that in dismissing the petition, the judge may have considered matters which he might have considered in passing upon the plan if he had permitted the filing of the petition is immaterial, as the fact that the petition was dismissed gave petitioner the right to a review under section 25a of the act, irrespective of the grounds upon which the court may have acted in dismissing it. The methods of review provided by sections 24b and 25a are mutually exclusive; and review under the former section cannot be granted in the discretion of the court in cases which are reviewable as of right under the latter. In re Glazer's, Inc. (C.C.A.) 66 F.(2d) 513. As petition for appeal was not presented to the judge of the court below or to a judge of this court within thirty days of the entry of the order, there is no opportunity to treat the petition before us as a petition for appeal under section 25a and allow it as such.

Of course, if the judge had permitted the filing of the petitions and had then disapproved the plans, review would have been available under section 24b; but that is not the situation presented.

Petition denied.