**ADERHOLD, Warden, v. MURPHY.**

No. 1846.

Circuit Court of Appeals, Tenth Circuit.

April 18, 1939.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellant.

No appearance or brief for appellee.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

PHILLIPS, Circuit Judge.

On May 5, 1934, William F. Murphy was duly sentenced for a federal offense to imprisonment for two years in the United States Penitentiary at Leavenworth, Kansas. On December 12, 1935, he was conditionally released from the United States Penitentiary Annex at Leavenworth, Kansas.[1]

While at large on parole and on January 10, 1936, he committed a second federal offense. On February 11, 1936, he was duly sentenced for the latter offense to imprisonment for thirty months in the Penitentiary Annex. On April 11, 1936, he was delivered to the custody of the warden of the Penitentiary Annex under a commitment issued on the latter sentence.

On March 16, 1936, the United States Board of Parole found that Murphy had been conditionally released from the Penitentiary Annex on December 12, 1935, and that he had violated the conditions of his parole. It issued a warrant for his arrest and return to custody. On completion of his second sentence he was arrested and returned to the Penitentiary Annex to serve the unexpired portion of his first sentence.

Murphy filed an application for a writ of habeas corpus in the court below, predicated on the contention that upon his commitment to the Penitentiary Annex on the second sentence he immediately began serv-

---

[1] Hereinafter referred to as the "Penitentiary Annex."

ice of the unexpired term of his first sentence and that both sentences had been fully served.

The trial court sustained Murphy's contention and on March 30, 1938, at the April, 1937, term of the court, entered its judgment discharging Murphy from custody. On June 30, 1938, after the expiration of the April, 1937, term of the court, and at the April, 1938, term thereof, the trial court, sua sponte, entered an order undertaking to set aside and hold for naught the judgment of discharge.

On June 25, 1938, the United States Attorney filed in the office of the clerk of the district court a petition for an appeal from such judgment accompanied by an assignment of errors. On June 28, 1938, the district judge signed the citation. On the same day it was served on counsel for Murphy and filed in the cause.

On October 19, 1938, the trial judge filed a memorandum in the cause in which he recited that the petition for appeal was not presented to the court, and that the appeal was never formally allowed.

A court cannot set aside nor alter its final judgment after the expiration of the term at which it was entered, unless the proceeding for that purpose was begun during that term.[2] It follows that the court was without power to enter its order of June 30, 1938, and that the same is void. The order of discharge could be set aside only upon an appeal therefrom.

No formal order allowing the appeal was necessary. The signing of the citation by the district judge and the issuance thereof effectually allowed the appeal.[3]

On the merits this case is ruled by Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399, 16 A.L.R. 808, and Aderhold v. Ashlock, 10 Cir., 99 F.2d 67. On authority of those cases, we hold that Murphy has not completed service of the first sentence and was not entitled to release.

The judgment is reversed with instructions to vacate the order of discharge, to order that Murphy be redelivered to the custody of the warden, and to issue and execute such writ or process as may be necesary to make the order effective.

Reversed.

[2] United States v. Mayer, 235 U.S. 55, 67, 35 S.Ct. 16, 59 L.Ed. 129; Woods Bros. Const. Co. v. Yankton County, S.D., 8 Cir., 54 F.2d 304, 308, 81 A.L.R. 300; Sun Indemnity Co. v. United States, 3 Cir., 91 F.2d 120, 121; Winslow v. Staab, 2 Cir., 242 F. 426, 427.

[3] Brandies v. Cochrane, 105 U.S. 262, 26 L.Ed. 989; Brown v. McConnell, 124 U.S. 489, 490–492, 8 S.Ct. 559, 31 L. Ed. 495; In re Alexander McKenzie, Petitioner, 180 U.S. 536, 547, 21 S.Ct. 468, 45 L.Ed. 657; Harkrader v. Wadley, 172 U.S. 148, 163, 19 S.Ct. 119, 43 L.Ed. 399; Ross v. White, 6 Cir., 32 F.2d 750, 752; The Diamond Cement, 9 Cir., 95 F. 2d 738, 739; In re Glazer's, Inc., 2 Cir., 66 F.2d 513, 515.