MAURICE AUERBACH and others *vs.* E. M. HITCHCOCK.

June 3, 1881.

**Writ of Attachment — Sufficiency of Affidavit.**—An affidavit stating "that the defendant has disposed of a part of his property, with intent thereby to delay and defraud the plaintiffs, and that he is about to dispose of the rest of his property with intent to delay and defraud the plaintiffs," and complying in other respects with the statute, is sufficient to authorize the issuing of a writ of attachment.

Plaintiffs brought this action in the district court for Ramsey county, and attached the property of defendant. A change of venue was made, by stipulation, to the district court for Rice county, where defendant resides. On motion of defendant, the writ of attachment was dissolved by *Buckham*, J., and plaintiffs appealed.

*Warner & Severance,* for appellants.

*Bowe & Bowe* and *Geo. W. Batchelder,* for respondent.

CLARK, J. Upon the motion to dissolve the attachment, affidavits were used by the defendant, and counter-affidavits on the part of the plaintiffs, but a stipulation has been entered into by counsel, and filed, that the validity of the attachment may be decided by this court upon the legal sufficiency of the affidavit upon which the writ of

attachment issued.   The affidavit stated "that said defendant has disposed of a part of his property, with intent thereby to delay and defraud said plaintiffs, and that he is about to dispose of the rest of his property, with the intent to delay and defraud said plaintiffs," and complied in all other respects with the statute.   The record does not disclose upon what grounds the attachment was dissolved, nor have the respondent's counsel filed any "points" to indicate in what respects they deem the affidavit insufficient.

The appellants intimate that it was claimed by the defendant below that, inasmuch as the plaintiffs' counter-affidavits showed that the disposition complained of was by a transfer of the title of the property, the original affidavit was insufficient, and should have stated that the defendant had "assigned," etc.   The theory upon which such a claim proceeds must be that the words employed by the statute, "assigned, secreted or disposed of," were intended to have separate, distinct and exclusive meanings.   We do not concur in any such interpretation.   The word "dispose" was used in the statute as a comprehensive term, to include any disposition intended to put the property beyond the reach of creditors.

The appellants further intimate that it was claimed that the affidavit was insufficient, because it stated that the disposition was intended to delay and defraud the plaintiffs, instead of the defendant's creditors generally.   Such objection is without force.   The affidavit showed that the plaintiffs were creditors.

We see no defect in the affidavit, and the order dissolving the attachment is therefore reversed.