ALASKA COMMERCIAL CO. v. RAYMOND.

(Third Division. Eagle. April 20, 1901.)

No. 36.

**1. ARREST IN CIVIL ACTION—JURISDICTION.**

Before process in civil arrest will be vacated and the writ dismissed, it must appear that the defects in the affidavit or bond are such as to leave the process without jurisdictional support. Mere errors and irregularities are not sufficient. A substantial compliance with the statute is enough.

**2. UNDERTAKING—BOND—SURETIES.**

It is not necessary that the principal obligor sign the undertaking on civil arrest, for he is bound without doing so. The undertaking need only be signed by two sureties as security for the principal.

Motion to Quash Affidavit and Bond and Dismiss Writ in Civil Arrest.

George K. French, for plaintiff.
V. L. Bevington, for defendant.

WICKERSHAM, District Judge. The defendant in this case has been arrested in a civil action under the provisions of chapter 12 of the Code of Civil Procedure. The plaintiff filed its complaint to recover from defendant the sum of $2,466.71 for goods sold and delivered, and filed therewith an affidavit and bond for arrest. A warrant issued, the defendant was arrested thereon, and gave bail. Defendant then appeared in the action, and filed his answer, denying generally the allegations contained in the complaint. He also, and at the same time, filed his affidavit denying all the allegations contained in plaintiff's affidavit upon which the process of arrest issued, and therewith a motion to dismiss the proceedings in arrest because it did not appear that any suffi-

cient cause to allow the writ was shown. This motion was overruled, whereupon the defendant filed a second motion to quash the process in arrest for various defects pointed out in the affidavit and bond. It is urged that the affidavit and bond are deficient in matters of substance required by statute, and were insufficient to support the jurisdiction of the court at the time when the writ issued, and that the defects are of such a nature that they cannot be cured by amendment.

Sections 121 and 122 of the Code of Civil Procedure (Act June 6, 1900, c. 786, 31 Stat. 351) provide that a motion to vacate the writ of arrest may be made with or without affidavits or other proofs.

"If, upon the hearing of such motion, it shall satisfactorily appear that there was not sufficient cause to allow the writ, or that there is other good cause which would entitle him to be discharged on habeas corpus, the same shall be vacated, or, in case he has given bail, the court may discharge the same or reduce the amount thereof on good cause shown."

The first ground of attack—that there is not "sufficient cause to allow the writ"—was disposed of under the prior motion; and that leaves only the second—"that there is other good cause which would entitle him to be discharged on habeas corpus"—to be considered on this motion.

The cases where a prisoner is entitled to be discharged on habeas corpus are set out in section 581 of the Code of Civil Procedure. Upon careful examination it seems that the third clause of that section is the only one under which the affidavit and bond in this action could be attacked upon habeas corpus. It is as follows: "Third. When the order or process is defective in some matter of substance required by law, rendering such process void." Under these provisions the sole question upon this motion is whether the affidavit or bond upon which warrant issued is so defective in

some matter of substance required by law as to render such process void. If either is so defective, the process shall be vacated, or the bail discharged. Before the process will be vacated and the writ dismissed, it must appear that the defects in the affidavit or bond are such as to leave the process without jurisdictional support. Mere error and irregularities, matters of form, and failure to comply literally with the statute will not suffice. A substantial compliance with the statute is sufficient to sustain jurisdiction. Re McKenzie, 180 U. S. 536, 21 Sup. Ct. 468, 45 L. Ed. 657.

The first objection made to the affidavit is that it does not appear upon its face that the defendant is about to remove from the District of Alaska, or that he has disposed, or is about to dispose, of his property, with intent to defraud his creditors. The affidavit uses this form of expression: "That the said defendant has disposed of all his property in this district, and is about to remove therefrom, with intent to defraud this plaintiff out of the said money so owing and due to this plaintiff." The allegation about his intended removal from the district is clearly sufficient, being in the very words of the statute; and, as this is a ground for issuing the warrant, the affidavit would be sufficient if it contained none other. But the second allegation—that the defendant has disposed of all his property in the district, with intent to defraud plaintiff out of his debt—is also substantially in compliance with the statute. While the affidavit does not use the words "to defraud his creditors," it does disclose that the intention is to defraud plaintiff, who shows that he is a creditor; and that is sufficient. 1 Wade on Attachment, 93; Auerbach v. Hitchcock, 28 Minn. 73, 9 N. W. 79. It is next objected that the affidavit does not show that the goods were furnished to the defendant in the District of Alaska, but it does not appear that the statute requires any such allegation. The objections to the affidavit are not to

matters of substance, and do not render the same void.   They
are therefore insufficient, and are overruled.

The first objection made to the bond is that it is not signed
by the plaintiff or principal obligor, but only by the sureties.
The bond is entitled in the same court and action as the com-
plaint.   It recites the commencement of the action upon the
cause set out in the complaint; discloses that the plaintiff
has applied for the arrest of the defendant; sets out the facts
upon which the arrest is asked; and recites that the bond
is given "in consideration of the premises, and of the issuing
of said warrant."   It is apparent upon the face of the bond
that it was not the intention of the plaintiff to sign the bond,
and the sureties could not be misled by supposing that the
bond was also to be signed by the plaintiff as the principal.
It is just what it appears upon its face it was intended to be,
a mere undertaking upon the part of two sureties to become
surety for the principal.   It is signed by both sureties, and
their affidavits are attached, showing their qualifications as
sureties.   Is this undertaking void because not signed by
the plaintiff as principal?

. The statute provides that the plaintiff shall be entitled to
the warrant for the arrest of the defendant whenever he shall
make and file (1) the affidavit, and (2) "shall also make and
file with such clerk an undertaking, with sufficient sureties,
in a sum not less than three hundred dollars, and equal to
the amount for which the plaintiff prays judgment.   Such
undertaking shall be conditioned that the plaintiff will pay
all costs that may be adjudged to the defendant, and all dam-
ages which he may sustain by reason of the arrest if the same
be wrongful or without sufficient cause, not exceeding the
amount specified in the undertaking."   Section 100, p. 165,
Carter's Code.

The undertaking in this case was prepared and filed by
the plaintiff's agent and attorney.   The plaintiff is responsible

for any damage suffered by the defendant by the arrest without an undertaking. The sureties are bound in this undertaking without the principal signing it. The defendant may recover his damages generally from the plaintiff and from the sureties to the extent of their obligation. The statute does not specifically require the principal to sign the undertaking. It only requires an undertaking with sufficient sureties. The fact that the defendant does not lose any rights of recovery against the plaintiff by its failure to sign the undertaking, demonstrates that that fact is not a matter of substance, and does not render the bond void.

An objection is likewise made that the condition of the bond is insufficient, in that it indemnifies the defendant against "all damages which he may sustain by reason of said warrant of arrest or attachment being issued against said defendant," whereas the statute requires that the defendant shall be indemnified against "all damages which he may sustain by reason of the arrest if the same be wrongful or without sufficient cause." It seems that the words of the undertaking are unlimited, and broader than those of the statute, and that under them it might be alleged and proved that the arrest was wrongful, and without sufficient cause.

An objection is also made to the form of the affidavit of the sureties, because it does not appear therefrom that each of them is worth the amount specified in the undertaking. The statute requires the plaintiff to file the affidavits of the sureties, "from which it must appear that such sureties are residents of the district, and that they are, taken together, worth double the amount of the sum specified in the undertaking, over and above all debts and liabilities and property exempt from execution." In compliance with this statutory provision, plaintiff filed the affidavits of the sureties, from which it appears that the sureties, "each for himself, and not one for the other, says that he is a resident and freeholder of Circle

Precinct, Alaska District, and that they are, taken together, worth double the amount of the sum specified in the undertaking, over and above all debts and liabilities and property exempt from execution." While the affidavit is awkwardly drawn, it is substantially in compliance with the statute, and is not void.

It is urged, however, that the affidavit is further defective in not complying with the next clause of the statute, which declares that "no person not qualified to become bail upon arrest is qualified to become surety in an undertaking for arrest." The answer to that objection is that the surety is not required to set out these qualifications in his affidavit. He must have these qualifications, and there is no showing in this case that each of the sureties does not possess them. If each does not possess them, it was the duty of the defendant to have so informed the court by proof.

It does not satisfactorily appear that either the affidavit or bond is so defective in matters of substance as to render it void, and the objections will be overruled, and the motion to vacate the arrest will be denied.