## GOBLE v. CLARK, Deputy Com'r, et al.

District Court, D. Maryland.
April 16, 1931.

Samuel J. Aaron, of Baltimore, Md., for plaintiff.

O. N. Forrest, Asst. U. S. Atty., of Baltimore, Md., for defendant Clark.

Semmes, Bowen and Semmes, of Baltimore, Md., for Maryland Drydock Co.

WILLIAM C. COLEMAN, District Judge.

The question here presented is whether the findings of a deputy commissioner under the Longshoremen's and Harbor Workers' Compensation Act § 21 (b), 33 USCA § 921 (b), denying compensation to the complainant should be disturbed. We find that it should not, and that therefore the bill of complaint in this case must be dismissed. The nature and extent of this court's jurisdiction is governed by section 21 (b) of the Longshoremen's and Harbor Workers' Compensation Act, 33 USCA § 921 (b), the pertinent part of which is as follows: "If not in accordance with law, a compensation order may be suspended or set aside, in whole or in part, through injunction proceedings, mandatory or otherwise, brought by any party in interest against the deputy commissioner making the order, and instituted in the Federal district court for the judicial district in which the injury occurred (or in the Supreme Court of the District of Columbia if the injury occurred in the District). * * * "

The Circuit Court of Appeals for this circuit, in Wheeling Corrugating Co. v. McManigal, 41 F.(2d) 593, 594, has interpreted this section as follows: "The jurisdiction of the court to entertain the suit depends upon this statute; and if we look merely to its language, it is clear that it does not contemplate a hearing de novo in the District Court or authorize that court to weigh the evidence taken before the Deputy Commissioner or review the facts as found by him. The compensation order may be set aside only if it is found to be 'not in accordance with law,' i. e. if it is based upon error of law, or is not supported by any substantial evidence, or is so manifestly arbitrary and unreasonable as to transcend the authority vested in the Deputy Commissioner. His findings of fact, however, if supported by substantial evidence, are conclusive."

The above interpretation must govern the present proceeding. The only question, therefore, for this court to determine, is whether the finding of the deputy commissioner is supported by substantial evidence, by which must be meant some competent evidence legally sufficient to support his finding. He has found "that on the evidence submitted there is no showing of any accidental injury or of any occupational disease or infection arising naturally out of the employment."

The cause of the death of claimant's husband on June 17, 1930, namely, pneumonia, is not disputed. Four doctors testified, two for the employer and two for complainant. Of these four two only attended the deceased, one his own physician, the other his employer's. They disagree as to whether the exposure, to which the deceased was subjected on May 29, 1930, in the course of his employment, namely, the immersion of his arms and shoulders for some five or ten minutes in moderately cold water while repairing a boiler—a fact about which there is no real dispute—was a cause of his contracting pneumonia. Similarly, the other two doctors are in disagreement. On the established facts it is not unreasonable to adopt either theory. This being true, it is not for this court to decide what is, in its opinion,

the *more* reasonable of the two, or what the weight of the testimony discloses.

The claimant is entitled to compensation only if her husband's death was the result of accidental injury arising "out of and in the course of" his employment, or was the result of an occupational disease or infection arising "naturally out of such employment," or which "naturally or unavoidably results from such accidental injury." 33 USCA § 902. The testimony being conflicting, the deputy commissioner has seen fit to believe the company's doctors who testified that, in their opinion, the exposure to which decedent was subjected was too remote in point of time, and too inconsequential to have directly contributed to the pneumonia. It cannot be said that such a conclusion is arbitrary or entirely unsupported by the established facts, albeit it may not be the more rational view. For example, the deceased may have undergone exposure of one kind or another in the interim when he was not working, which may have caused the pneumonia quite independently of what occurred during his employment. So it cannot be said that there is no substantial evidence to support the employer's contention as to the non-injurious effects of the decedent's exposure while employed.

Claimant contends that pneumonia may be an occupational disease. Such is true. But, as we have seen, it must arise naturally out of the employment, or naturally or unavoidably result from the accidental injury. There is substantial testimony that it did neither of these things.

The findings of the deputy commissioner must accordingly be sustained, and the bill of complaint dismissed.