654

### GRANT v. MARSHALL, Deputy Commissioner, et al.
### No. 689.

District Court, W. D. Washington, N. D.
April 20, 1931.

Vanderveer, Bassett & Levinson, of Seattle, Wash., for plaintiff.

Anthony Savage, U. S. Atty., and Jeffrey Heiman, Asst. U. S. Atty., both of Seattle, Wash., for defendant Marshall.

Bogle, Bogle & Gates, of Seattle, Wash., for defendant Griffiths & Sprague Stevedoring Co. and Occidental Indemnity Co.

BOURQUIN, District Judge.

In this proceeding in statutory review of the defendant deputy's compensation order, the longshoreman's complaint alleges it is "contrary to the facts and the law," in that "the order ignored and failed to take into account plaintiff's disabling condition of arthritis." But there is no allegation any such evidence was presented to the deputy, and no evidence to sustain the allegation appears, even his order absent.

■ The statute (Longshoremen's and Harbor Workers' Compensation Act § 21 [33 USCA § 921]) provides for review herein, if the order be "not in accordance with law." As in review of the order or judgment of any special tribunal (and the deputy is in that category), the only issues are error of law and whether there is no substantial evidence legally sufficient to support the finding of fact. If the deputy ignores proper evidence presented, it is an error of law; if prejudice results, his order is not in accordance with law, and the court will give relief. See the O'Fallon Case, 279 U. S. 461, 49 S. Ct. 384, 73 L. Ed. 798.

■ The interveners, employer and insurer, have answered, and without objection the evidence presented to the deputy is submitted to the court. Therein it appears was some evidence of arthritis, but none to bring the case within the rule aforesaid, provided the deputy gave it such consideration as it merited in determining his final judgment. That he did not is the longshoreman's burden to prove, and he has not.

Proceeding dismissed.