**ÆTNA LIFE INS. CO. et al. v. HOAGE, Deputy Commissioner, et al.**

**No. 5590.**

Court of Appeals of the District of Columbia.

Argued Jan. 3, 1933.

Decided Feb. 6, 1933.

Charles W. Arth and Leonard J. Ganse, both of Washington, D. C., for appellants.

H. Mason Welch, John R. Daily, Leo A. Rover, and John J. Wilson, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

This is a case arising under the Longshoremen's and Harbor Workers' Compensation Act (Act of March 4th, 1927, 44 Stat. 1424 (33 USCA § 901 et seq.), made applicable to the District of Columbia by Act of May 17th, 1928, 45 Stat. 600 (Title 19, §§ 11 and 12, D. C. Code 1929, 33 USCA § 901 note).

The case grows out of an award of compensation to the widow of William H. Banks, deceased, who was employed by George W. Estler, as a porter and delivery clerk, subject to the Workmen's Compensation Act. The facts as found by the Deputy Commissioner in his compensation order are substantially as follows:

That on July 25, 1930, the employee while performing service for his employer as a delivery man sustained personal injury which arose out of and occurred in the course of his employment and resulted in his death; that on that date the employee was engaged in delivering goods to customers, and at about 11 o'clock in the forenoon he was found in an unconscious condition with a box of groceries under his arm, lying upon the rear porch of a customer's house, where he had gone to make a delivery; that he was taken immediately to a hospital, and was there pronounced dead; that an autopsy was held which revealed that the employee had died as the result of a thermic fever, otherwise known as heat stroke; that the duties of the employee required that he begin his work about 6 o'clock in the morning, which he had done on the day of his death, and should go with his employer to the market for the purpose of purchasing produce; that after returning with the produce he should unload the same from the truck and arrange it in the store; that when orders came to be filled it was his duty to assist in filling the same, and when a number had accumulated to deliver them by use of a truck; that prior to the date of his death the weather conditions in this locality had been extremely hot; the United States Weather Bureau reporting the weather ranging from 6 o'clock in the morning until 6 o'clock in the evening for the week beginning July 19th as follows: 74 degrees—102 degrees, 76 degrees—106 degrees, 76 degrees—103 degrees, 77 degrees—97 degrees, 73 degrees—94 degrees, 74 degrees—92 degrees; and that on the date in question, namely, July 25, 1930, 71 degrees—93 degrees at 11 o'clock a. m. when the employee was found as described; that the duties of the employee required him to expose his person to the heat of the sun while carrying produce from his truck and delivering it to the respective houses; that his active service and exposure as described was the cause of the collapse which resulted in his death on July 25, 1930. Upon this finding the Deputy Commissioner made an award to the widow of the deceased.

The appellants, being the insurance carrier and the deceased's employer, filed a bill

9

of complaint in the lower court seeking a mandatory injunction against the enforcement of the award, upon the ground that the finding of the Deputy Commissioner was not supported by any evidence, but was contrary to all the evidence, and that the Deputy Commissioner erred in his rulings upon the principles of law applicable to the case.

A motion to dismiss the bill for want of merit was filed by the defendants. A decree was entered sustaining the motion and dismissing the case, whereupon the present appeal was brought.

The following section of the act, section 2 (2), 33 USCA § 902 (2), is controlling:

Section (2). "The term 'injury' means accidental injury or death arising out of and in the course of employment, and such occupational disease or infection as arises naturally out of such employment or as naturally or unavoidably results from such accidental injury, and includes an injury caused by the willful act of a third person directed against an employee because of his employment."

The law provides that the Deputy Commissioner's findings of fact must be accepted as conclusive if supported by evidence, unless some irregularity appears in the proceedings before him. Fidelity & Casualty Co. v. Burris, 61 App. D. C. 228, 59 F.(2d) 1042.

In the present case the testimony taken before the Deputy Commissioner tended to prove that on the morning when the deceased commenced the delivery of goods in his truck he seemed to be in his usual health, and made no complaint of feeling ill. He never complained of bad health nor lost a day from his work, and did not complain about the weather, except to say on that morning that it would be another hot day. On the previous day he said that it had certainly been terrible weather, but he did not say that he was suffering from it. There were no heavy loads upon the truck on that morning, and there was nothing about decedent that would indicate that he was not up to par; he apparently was the same as he always was, and went about his work in the regular way. A neighbor saw him take a package from the truck, and he was apparently all right, but immediately afterwards he was found lying face downward on the rear porch of the customer's house, with the box of groceries intact by his side and under his right arm. He was lifted to a cool place on the porch; his face was very red when he was picked up, but turned white when he was placed on his back. He was then alive, but did not regain consciousness. An autopsy was held by a physician, who reported that the deceased's general condition was good, but that there was an extensive hemorrhage of the brain, and in his opinion the case showed evidence of so-called thermic fever or sunstroke, judging from the hemorrhage in the brain and from congestion found in the region of the kidneys. It is true that the testimony of the physician is somewhat involved and unsatisfactory; nevertheless it tends to sustain the finding that the deceased came to his death from the thermic fever or sunstroke. The circumstances of the case likewise are most consistent with this conclusion.

It is established law that heat prostration arising out of and during the course of employment of an employee is an accidental injury within the sense of the statute, if the nature of the employment exposes the employee to the risk of such injury. Matter of Madura v. City of New York, 238 N. Y. 214, 144 N. E. 505. Although the risk may be common to all who are exposed to the sun's rays on a hot day, the question is whether the employment exposes the employee to the risk. Matter of Katz v. A. Kadans & Co., 232 N. Y. 420, 134 N. E. 330, 23 A. L. R. 401; Hughes v. Trustees of Saint Patrick's Cathedral, 245 N. Y. 201, 156 N. E. 665.

In the case of the Baltimore & Ohio R. R. v. Clark (C. C. A.) 59 F.(2d) 595, 598, Parker, J., speaking for the court, stated the law as follows: "The question as to whether heat stroke is to be deemed an accidental injury within the meaning of workmen's compensation acts has been frequently before the courts. In some cases distinction is made between injuries caused by natural and those caused by artificial heat; and in a few it is said that the injury must be caused by some unusual or extraordinary condition. The rule supported by the weight of authority, however, is that heat prostration which results from the employee's engaging in the employment, whether due to unusual or extraordinary condition or not, is to be deemed an accidental injury within the meaning of the statutes."

In this view of the case we affirm the decision of the lower court. Cf. Fidelity & Casualty Co. v. Burris, supra; New Amsterdam Casualty Co. v. Hoage, 60 W. L. R. 869; Walsh v. River Spinning Co., 41 R. I. 490, 103 A. 1025, 13 A. L. R. 956; Lane v. Horn & Hardart Baking Co., 261 Pa. 329, 104 A.

615, 13 A. L. R. 963; City of Joliet v. Industrial Commission, 291 Ill. 555, 126 N. E. 618; Kanscheit v. Garrett Laundry Co., 101 Neb. 702, 164 N. W. 708; King v. Buckeye Cotton Oil Co., 155 Tenn. 491, 296 S. W. 3, 53 A. L. R. 1086; O'Pry v. Security Union Casualty Co. (Tex. Com. App.) 1 S.W.(2d) 590.

The decree is affirmed.