**ANDERSON v. HOAGE, Deputy Commissioner, et al.**

**No. 6069.**

Court of Appeals of the District of Columbia.

Argued March 7, 1934.

Decided April 9, 1934.

Olive B. Lacy, of Washington, D. C., for appellant.

Stanley H. Fischer, Norman Fischer, Leroy I. Bendheim, W. C. Burton, and Leslie C. Garnett, of Washington, D. C., for appellees.

774

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and HITZ, Associate Justices.

PER CURIAM.

This action originated in an application by Telena Anderson, the appellant, for damages for the death of her husband, under the Longshoremen's and Harbor Workers' Compensation Act (U. S. C. title 33, c. 18, § 901 et seq. [33 USCA § 901 et seq.]), as made applicable to the District of Columbia by the act of Congress of May 17, 1928 (D. C. Code 1929, title 19, c. 2, §§ 11, 12, 33 USCA § 901 note).

It appears that the husband, Herbert L. Anderson, was in the employ of one O. R. Mise, as a taxicab driver; and that while on duty on February 9, 1933, he suffered sudden pains in the chest, which was accompanied by a headache, and followed by fever and chills; that he was compelled on the following day to stop work, and was thereafter pronounced to be suffering from pneumonia, from which he died on February 19, 1933.

A hearing was held before defendant Robert J. Hoage, Deputy Commissioner, who held that the evidence failed to establish that the pneumonia was an occupational disease, or that employee's death was the result of injury within the meaning of section 2 of the Compensation Act (33 USCA § 902).

Appellant, thereafter, filed her bill in the Supreme Court of the District of Columbia, seeking a mandatory injunction to set aside the order of the Deputy Commissioner; to which motions to dismiss were filed by the defendants, Royal Indemnity Company, the Deputy Commissioner, and defendant Mise.

From the ruling of the court, sustaining the motions to dismiss, this appeal was taken. It appears that the defendant Mise was a member of an association known as Crouch, Zirkle, Henderson & Mise. It was this association that was covered by the Royal Indemnity Company's policy of insurance. It was accordingly held by the Deputy Commissioner that the insurance company could not be held liable for compensation to one who was in the employ of Mise alone. We think it unnecessary to decide this question, since from an examination of the testimony, and the presumption of verity which the law accords the findings of fact by the Deputy Commissioner, the appellant has failed to establish a claim within the Compensation Act which would justify this court in reversing the action of the court below.

The decree is therefore affirmed.