**ÆTNA LIFE INS. CO. v. HOAGE, Deputy Com'r, et al.**

**No. 6299.**

United States Court of Appeals for the District of Columbia.

Argued Jan. 10, 1935.

Decided Feb. 18, 1935.

Charles W. Arth, of Washington, D. C., for appellants.

Leslie C. Garnett, U. S. Atty., John J. Wilson, Asst. U. S. Atty., and Joseph A. Solem, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

HITZ, Associate Justice.

This is an appeal from an order in equity of the Supreme Court of the District of Columbia dismissing a bill praying injunctive relief and a review of an award of the United States Employees' Compensation Commission.

Appellant companies are insurer and insured, and the appellees are the Deputy Commissioner who made the award, and the claimant, who were defendants below.

On December 5, 1932, the claimant was employed in loading wheelbarrows with tiles on an elevator during the construction of a building for the Department of Justice in the city of Washington. The projecting handles of a wheelbarrow while standing on

an elevator caught in some joists overhead as the lift ascended, causing some of the tiles to fall on the claimant's back and injuring him. He was examined, treated, and compensated from the day of the accident until March 13, 1933, when, incased in a brace from his shoulders to his buttocks by order of the physicians, he was discharged by them and ordered to return to work, whereupon the insurer discontinued payment of compensation, and on April 7 the claimant filed with the Commission a claim for further compensation, which was heard by the Deputy Commissioner on May 11.

The substance of the medical testimony then given was that any pain still suffered by the claimant was probably due to constitutional disease; or possibly to a certain other accident prior to the present one; or to some cause other than the injury here in question.

On the day of that hearing the Deputy Commissioner wrote the claimant a letter stating that, "in view of the medical evidence adduced at the hearing, it will be impossible for me to order the insurance company to pay you any further compensation or furnish further medical treatment to you." A copy of this letter went to the company, while a copy, of course, remained in the files of the Commission.

But because of claimant's apparent surprise at the evidence in respect to a constitutional disease, the Commissioner permitted him to bring in evidence of further examinations at a hearing on June 23, which substantiated the finding of constitutional disease.

The claimant immediately began anticonstitutional-disease treatment, which he continued until a further hearing was had on November 29, 1933. Then the doctors testified in part that: "Treatment had produced improvement in the findings of the spinal fluid, and it was still noticed the patient had his back pain. * * * Witness does not feel that the pains in the back, which the claimant alleges he suffers, are due to the constitutional disease. * * * Witness does not think that further anti-neurosyphilitic treatment will aid the back condition; thinks there is no connection between the neurosyphilitic condition and the back condition complained of."

Another doctor testified that: "In his opinion, definitely the back condition is not ascribable to neurosyphilis. * * * Witness concluded there very definitely was pain; if there was pain, witness would not consider it in relation to a syphilitic condition. * * * Taking into account medical treatment, witness thinks the difficulty with claimant's back is absolutely due to something else than a syphilitic condition."

A third physician testified that he "felt claimant had a disability which precluded him from work, with a restriction of motion," but he did not know why, and could see no reason for the apparent condition.

On December 27 the Commissioner filed his formal findings of fact and award, sending copies thereof to the parties and their attorneys. Therein, after reciting in substance the foregoing evidence, he found: "That after the completion of the treatments the tests showed negative, indicating that the venereal disease had become latent, and was not a factor in producing pains in the back and causing claimant's disability, and also established that the pains from which the claimant had continuously suffered from the date of his injury to the present time are due to causes resulting from the injury and not the constitutional disease; that claimant still is suffering from the results of the injury sustained by him on December 5, 1932. * * * That the claimant still is suffering temporary disability as a result of the injury sustained on December 5, 1932; that claimant is entitled to further medical treatment as provided in section 7 of the act. * * *" And that the employer and the insurance carrier "shall continue to pay compensation to the claimant herein at the rate of $9.33 per week, beginning December 12, 1933, payable every two weeks, until further order of the Deputy Commissioner."

■ The appellants insist that the letter of May 11, 1933, was a compensation order and final award within the meaning of the statute, and that without an appeal therefrom the further proceedings were void and of no effect. And the diligence of counsel has produced many state decisions holding that letters may constitute orders and awards, but those decisions arise under statutes and procedure differing from our own.

The United States Employees' Compensation Commission, by authority, has prescribed a form for such orders, with which the letter in this case does not comply; the Commissioner says that it was not intended to comply therewith, or to constitute an order; and from such a letter a claimant could hardly take an appeal, or understand that he must then appeal or lose his right.

But the order of December 27, 1933, was in the prescribed form, yet because it was not filed within twenty days of May 11, on which the first hearing was held, appellants rely on the statutory provision that "if a hearing on such claim is ordered the deputy commissioner * * * shall within twenty days after such hearing is had, by order reject the claim or make an award in respect of the claim." (33 USCA § 919 (c). They contend that the hearing provided by the statute was concluded on May 11; that the letter of the Deputy Commissioner written on that day was an order rejecting the claim as the result of the hearing; and that thereafter the Deputy Commissioner was functus officio in respect thereof.

The requirement that the Commissioner reject or award within twenty days was probably intended to protect needy claimants against delay, but whether so or not, we perceive therein no intention of Congress to forbid adjourned hearings, if the Deputy Commissioner considers them necessary to a just disposition of the claim.

For section 914 (h) of the statute, 33 USCA, provides that: "The deputy commissioner (1) may upon his own initiative at any time in a case in which payments are being made without an award, and (2) shall in any case where right to compensation is controverted, or where payments of compensation have been stopped or suspended, upon receipt of notice from any person entitled to compensation, or from the employer, that the right to compensation is controverted, or that payments of compensation have been stopped or suspended, make such investigations, cause such medical examinations to be made, or hold such hearings, and take such further action as he considers will properly protect the rights of all parties."

Here the Deputy Commissioner made further investigations, and caused the making of further medical examinations, held such hearings, and took such further action as he considered proper to protect the rights of the claimant and the other persons involved in the controversy.

The first session of testimony tended to prove claimant's injury, the treatment thereof, the existence of constitutional disease, and the probability that his continued pain might be the result of his disease rather than his injury.

The second session verified the presence of constitutional disease; while the third session tended to show that the disease was then under such control from the treatment that the persisting pain could not be attributed to the disease.

The letter of May 11, 1933, in the light of subsequent developments, now appears to have been improvidently written, yet we think the later proceedings were within the power of the Deputy Commissioner under the statute and the regulations.

But the appellants further contend that the order of December 27, 1933, requiring additional treatment and compensation, was not in accordance with law because not supported by substantial evidence. Yet this order is based on the testimony of three groups of physicians; one group saying that the claimant is afflicted with constitutional disease; another that if the pains in the back still persist they are not due to the injury, but may result from the constitutional disease; while the third group says that if the pain persists it is not due to the constitutional disease.

But none says that the pain in the back does not exist; the Commissioner finds that it does; and the doctors having disagreed as to the cause thereof, he finds it to result from the injury.

In this conclusion he may have ignored some or all of the medical testimony, which the statute appears to permit. Joyce v. Deputy Commissioner (D. C.) 33 F.(2d) 218.

Or he may have balanced one doctor against another, reaching his own conclusion on his own judgment of all the evidence.

But however that may be, it is clear that the claimant was injured under circumstances within the statute; that he was treated for this injury for three months; that he was then but little improved, if at all, and still incased in a brace by order of the physicians; and that his disability was not attributable under the evidence to any cause other than the injury.

Upon that showing we are of opinion that the conclusions of the Deputy Commissioner are supported by evidence, and when so supported his findings of fact will not be disturbed by the court. Voehl v. Insurance Co., 288 U. S. 162, 53 S. Ct. 380, 77 L. Ed. 676, 87 A. L. R. 245; L'Hote v. Crowell, 286 U. S. 528, 52 S. Ct. 499, 76 L. Ed. 1270; Crowell v. Benson, 285 U. S. 22, 52 S. Ct. 285, 76 L. Ed. 598; Hoage v. Employers' Liability Corporation, 62 App. D. C. 77, 64

F.(2d) 715; Ætna Life Insurance Co. v. Hoage, 62 App. D. C. 6, 63 F.(2d) 818.

The decree appealed from is therefore affirmed.