**AMERICAN MUT. LIABILITY INS. CO. OF BOSTON et al. v. LOWE et al.**

**No. 6090.**

Circuit Court of Appeals, Third Circuit.

Aug. 21, 1936.

Frank Fink, of Newark, N. J., and James J. Carroll, of New York City, for appellants.

Gross & Gross, of Jersey City, N. J. (Leo B. Lebovitz and Henry Rubin, both of New York City, on the brief), for appellees.

Before BUFFINGTON and DAVIS, Circuit Judges, and DICKINSON, District Judge.

DAVIS, Circuit Judge.

This is an appeal from an order dismissing the bill of complaint in which the plaintiff-appellant sought to enjoin the payment of a compensation award in favor of Liberatore Zagami, made by the appellee, Samuel Lowe, as deputy commissioner, under the Longshoremen's and Harbor Workers' Compensation Act (March 4, 1927, c. 509, § 1 et seq., 44 Stat. 1424–1446, see 33 U.S.C.A. §§ 901 to 950).

Liberatore Zagami, a longshoreman, was injured in the course of his employment on December 13, 1930, while employed by M. P. Howlett, Inc. The injury appears to have been diagnosed as a right sacroiliac sprain and later as a spondylolisthesis, or subluxation of the vertebra. Compensation payments were made until November 6, 1931. These, together with $625, paid later in a lump sum as a purported final settlement, aggregated $1510.-71. Upon cessation of the payments, the claimant applied for further consideration of his claim, and on May 2, 1932, a formal hearing was held before Deputy Commissioner Jerome C. Locke. On the following day he wrote a memorandum in which he found that the claimant, Zagami, was still partially disabled, and made the following suggestions and notations:

"I suggested to both parties that about the only thing to be done in the case is to rate the man as a temporary total disability for fifty-two weeks from the date of injury, or up to December 30th, 1931, which would give him $1040 in compensation for that period. Since then, he has been a partial disability with fifty per cent. loss in earning capacity which would entitle him to eighteen weeks' additional compensation up to April 28th, 1932, in the amount of $180.00 or a total of $1220 up to April 28th. He has already been paid $887.71, leaving a net balance of $332.29. After April 28th, he should be continued on the compensation roll as a partial dis-

ability for approximately ninety days and then re-examined.

"After I suggested this as the order that must issue in the case, the claimant's attorney and Mr. Tozzi had further negotiations, and finally effected a full and final settlement on the basis of $625. I believe such settlement is fair and is hereby approved. $550 is to be paid to the claimant and $75 to be paid directly to attorney Logomasini. Upon filing of form US-208 showing payments made, the case will be closed."

The parties were supplied with copies of the above memorandum. The $625 agreed upon by the attorneys and approved by the deputy commissioner was paid. The appellants contend this constituted a final settlement.

On May 9, 1932, an unsigned notice or form, known as form 208, was filed with the United States Employees' Compensation Commission by the appellant company, which gave notice that the payments had been made. The Commission thereupon closed out the case on its own files, "within the limitations provided by section 22 of the Act." No further proceedings occurred, the claimant having gone to Italy, until September 27, 1934. On that date he applied for a further consideration of his claim. The cause then came before Deputy Commissioner Samuel S. Lowe, appellee, who held a formal hearing on April 5, 1935. On May 29, 1935, after finding that partial disability had continued, he issued the compensation order now in dispute.

Thereupon the plaintiffs, as above stated, filed a bill of complaint to restrain the further payment of compensation and to vacate the alleged order of the deputy commissioner and restrain him from making further orders requiring additional payments. Defendants filed an answer wherein they prayed for an order dismissing the bill of complaint and directing the payment to Zagami of the balance he claimed to be due him. The court filed an order dismissing the bill and approving the order of the deputy commissioner. From this order of the court an appeal was taken to this court.

The appellants, as above stated, contend that the memorandum of May 3, 1932, was in effect a final award which cannot or should not now be disturbed. Both the deputy commissioner and the District Court held that it was not a final order because it did not comply with the formal statu-

tory requirements, and therefore the case had never been finally adjudicated.

■ The deputy commissioner in his memorandum used words of suggestion rather than of order: "I suggested to both parties that * * * he should be continued on the compensation roll. * * * After I suggested, * * *" etc. The only portion of the memorandum which indicates that it might be a final order is the statement that "I believe such settlement is fair and is hereby approved," but this is not decisive, and, when the memorandum is considered as a whole, aside from the formal defects, it is evident that it cannot be regarded as anything more than what it purported to be in its title, a "Memorandum for the File." The very lack of a signature is indicative of the unfinished character of the proceedings.

The formal requirements of an order or award are set forth in 33 U.S.C.A. § 919 (e), as follows: "The order rejecting the claim or making the award (referred to in this chapter as a compensation order) shall be filed in the office of the deputy commissioner, and a copy thereof shall be sent by registered mail to the claimant and to the employer at the last known address of each."

The finding of the District Court that "the alleged award of May 3, 1932 was not filed in conformity with the aforesaid statute, hence, it did not become effective as an award," is met by the appellants merely with the plea that the deputy commissioner is not a lawyer, and therefore his orders could not be expected to conform in a lawyerlike manner with technical formalities. The clear mandate of the statute may not be disregarded. Section 921 (a) provides that: "A compensation order shall become effective when filed in the office of the deputy commissioner as provided in section 919."

Copies of the award were not sent to the parties by registered mail. Compliance with these provisions is mandatory. The tenor of the instrument, the lack of a signature, and the total disregard of the statutory requirements, lead to the conclusion that this memorandum cannot be regarded as a final order.

Moreover, the order of the District Court can be sustained on other than technical grounds. Even if we assume that the memorandum of May 3, 1932, was a final order within the terms of the statute, the deputy commissioner was empowered by the statute to reopen the proceedings. Section 22 of the Longshoremen's and Harbor Workers' Compensation Act of March 4, 1927 (44 Stat. 1437), in force at the time the memorandum or order was issued, reads as follows: "Upon his own initiative, or upon application of any party in interest, on the ground of a change in conditions, the deputy commissioner may at any time during the term of an award and after the compensation order in respect of such award has become final, review such order in accordance with the procedure prescribed in respect of claims in section 19, and in accordance with such section issue a new compensation order which may terminate, continue, increase, or decrease such compensation. Such new order shall not affect any compensation paid under authority of the prior order."

■■ The above statute was amended May 26, 1934 (chapter 354, § 5, 48 Stat. 807 [33 U.S.C.A. § 922]), by inserting a provision therein limiting the right of the deputy commissioner to reopen the case to "one year after the date of the last payment of compensation," but the statute as amended gives no indication that it was to have a retroactive effect. Therefore it should not be so interpreted. United States v. Heth, 3 Cranch (7 U.S.) 399, 413, 2 L. Ed. 479; Harvey v. Tyler, 2 Wall.(69 U.S.) 328, 347, 17 L.Ed. 871; Sohn v. Waterson 17 Wall.(84 U.S.) 596, 21 L.Ed. 737. It follows that the claims existing at the date of the amendment were not thereby destroyed and the time limitation therein prescribed began to run on the date of its enactment, May 26, 1934. Sohn v. Waterson, supra.

The appellee Zagami applied for further consideration of his claim on September 27, 1934, and the deputy commissioner considered the claim and held a formal hearing on April 5, 1935. These events were therefore within the period of limitation.

■ The appellant, however, contends that, inasmuch as the order was not issued until after the time limitation had ended, the order was therefore barred by the statute. This contention is untenable. Section 922 (33 U.S.C.A.) does not require that the order be *issued* within the one year. It states that "the deputy commissioner may at any time prior to one year * * * review a compensation case in accordance with the procedure prescribed in respect of claims in section 919 of this

chapter, and in accordance with such section issue a new compensation order." It is sufficient if proceedings were *begun* within the year.

█ The appellants further argue that, even if the memorandum of May 3, 1932, is not a final order or award, nevertheless it is a formal approval of a final settlement of the claim. But section 915 expressly provides that: "No agreement by an employee to waive his right to compensation under this chapter shall be valid." This section prevents any private settlement of a claim between the employer and the employee. Lumber Mutual Casualty Insurance Co. v. Locke, 60 F.(2d) 35 (C.C.A.2); Southern S. S. Co. v. Sheppeard, 34 F.(2d) 959 (D.C.S.D. of Texas).

█ The memorandum was not a final order or award, but, even if it had been, the deputy commissioner had power to reopen the claim (33 U.S.C.A. § 914 (h), and the alleged final settlement was of no effect.

The order of the District Court is therefore affirmed.