**McNEELLY v. SHEPPEARD, Deputy Com'r (ZURICH GENERAL ACCIDENT & LIABILITY INS. CO., Limited, et al., Interveners).**

No. 8289.

Circuit Court of Appeals, Fifth Circuit.

May 13, 1937.

Harley C. Keen, of Beaumont, Tex., for appellant.

Major T. Bell and B. D. Orgain, both of Beaumont, Tex, and Steve M. King, U. S. Atty., of Beaumont, Tex., for appellees.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

The District Court refused to set aside an order of the Deputy Commissioner which denied compensation for the death of Walter B. McNeelly under Longshoremen's & Harbor Workers' Compensation Act, § 21, 33 U.S.C.A. § 921. The Deputy Commissioner found the facts in reference to the cause of death thus: "On the afternoon of May 10, 1935, while employed in the hold of the steamship Panama City, Walter B. McNeelly complained of having a headache, appeared to be sick, and later said that he became too hot; that on that day he performed similar duties under approximately the same working conditions as he had theretofore done on other occasions without contracting illness or disease; and on that day May 10th, neither did the work in which he was engaged nor the conditions of his employment cause him to become overheated, his working conditions being normal. On the 10th day of May, 1935, Walter B. McNeelly did not sustain an accidental injury during the course of his employment, and neither did he acquire any occupational disease or infection as the result of such employment. On the 11th day of May, 1935, he was found suffering with pneumonia, and that disease caused his death on the 16th of May, 1935." Appellant's contention is that the evidence demanded a finding that McNeelly contracted pneumonia because of overheat and chill while at work, and that the pneumonia was an infection arising naturally out of his employment.

The act (section 2 (2), 33 U.S.C.A. § 902 (2), defines "compensable injury" as "accidental injury or death arising out of and in the course of employment, and such occupational disease or infection as arises naturally out of such employment." No accident was proven to have happened in the course of McNeelly's work. Pneumonia is shown not to be an occupational disease; that is, one usually or frequently contracted by workers in his occupation. It is testified to be an infection the germs of which are constantly carried but which become active when the resistance of the human system is lowered often because of overheat and subsequent chilling. No other worker at the same job took pneumonia, though the temperature in the ship was high. McNeelly worked elsewhere for thirty minutes after leaving the ship's hold, then drove home in his automobile. He worked a short time in his garden, but felt ill and went to bed. The next morning he had a temperature of 105°. His physician testified that he thought the cause of death was that he "became overheated and suddenly chilled—working in that hold and getting too hot and then too cold suddenly—the illness and death must have been a natural result of that condition under which he worked there." But he also testified that sleeping in a draught, or driving in an automobile, or other expo-

sure could cause it, and that often a man in good health could take pneumonia without any exposure; it coming from different causes and being no respecter of persons. The evidence left it questionable whether McNeelly did get overheated and then chilled while at work, and whether his pneumonia resulted therefrom. The Deputy Commissioner found that there was no overheat and no infection that resulted from his employment. The physician's opinion, while admissible, was not conclusive. The Deputy Commissioner's conclusions as to the facts were reasonably supported by the evidence, and in such matters are intended by the act to be final. Crowell v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598. Compensation on account of pneumonia was similarly denied in Goble v. Clark (D.C.) 56 F.(2d) 170, and Anderson v. Hoage, 63 App.D.C. 169, 70 F.(2d) 773. Compensation under the act is not the equivalent of health or life insurance.

Judgment affirmed.