OCEAN ACCIDENT & GUARANTEE COR-
PORATION, Ltd., et al., v. LAWSON,
Deputy Com'r.

No. 10584.

Circuit Court of Appeals, Fifth Circuit.

May 28, 1943.

A. M. Franklin and T. J. Blackwell, both of Miami Fla., for appellants.

H. S. Phillips, U. S. Atty., of Tampa, Fla., and Ernest L. Duhaime, Asst. U. S. Atty., of Miami, Fla., for appellee.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

WALLER, Circuit Judge.

Harry M. Richmond, on the 1st day of March, 1937, received a dislocation of his right shoulder, entitling him to certain benefits under the Longshoremen's and Harbor Workers' Compensation Act § 1 et seq., 33 U.S.C.A. § 901 et seq. Appellant was the compensation insurance carrier. Appellee, Richard P. Lawson, was a Deputy Commissioner under the Act. Medical treatment was furnished and temporary total disability from the date of the accident to June 13, 1937, inclusive, together with medical expenses incurred, were paid by the insurance carrier. On June 14, 1937, the carrier filed with the Deputy Commissioner, with copy to claimant, a notice that payment of compensation had been stopped or suspended; that the disability ended June 13, 1937; and that compensation had been paid in full. The physician's supplementary report, dated June 29, 1937, certified the claimant was able to resume his work on June 10, 1937, with ninety per cent efficiency in the injured shoulder.

The Deputy Commissioner was, and continued to be, exceedingly diligent in seeking to ascertain the physical condition of the claimant and whether or not he desired further compensation, and to that end wrote numerous letters, over a period of nearly three years, to the claimant and to the carrier. The claimant seemed to have disregarded these communications and seemed to have considered the matter closed. In fact, everyone seemed to have considered the matter closed except the Deputy Commissioner, who, in May, 1940, notified the carrier that a hearing would be conducted on May 16, 1940, to determine whether or not the claimant was entitled to additional compensation. The proceedings were on the Deputy Commissioner's own motion. No claim had been filed by the employee. The hearing on May 16, 1940, was approximately two years and eleven months after the final payment of compensation and notice that compensation had been paid in full.

Prior to the bringing of the injunction the carrier had moved to dismiss the proceedings on the ground that claimant had failed to file a claim within the statutory period of one year, but the motion was denied by the Deputy Commissioner. Whereupon the carrier sought to enjoin the Deputy Commissioner from proceeding to the granting of an award on the ground that the statute of limitations barred any further proceedings. In the injunction suit the Deputy Commissioner and the carrier each moved for a summary judgment. It was the Commissioner's contention that in view of Sections 914 and 922 of Title 33, U.S.C.A., the one year statute of limitations of Section 913 was inapplicable in a proceeding by the Commissioner on his own initiative. The Court below sustained the contentions of the Deputy Commissioner, granted a summary judgment in his favor, and refused injunction to carrier.

The question presented, therefore, is whether or not under Sections 914 and 922, Title 33, U.S.C.A., the Commissioner had the right to proceed with the claim, notwithstanding the fact that the claimant had failed to file a claim within one year as required by Section 913 of said Act.

Section 913(a), Title 33, provides that the right of compensation for disabilities is barred unless claim is filed within one year after the injury, except in cases where compensation is paid without an award, in which event claim may be filed within one year after the date of the last payment. The section contains certain exceptions not involved here.

The compensation was paid here through June 13, 1937, without award. No claim was ever filed by the claimant and no claim could have been filed by him after June 13, 1938, or after one year from the date of the last payment of compensation.

The next question is whether or not the Deputy Commissioner could have proceeded, sua sponte, under Section 914 of the Act, which provides: "(h) The deputy commissioner (1) may upon his own initiative at any time in a case in which payments *are being made* without an award, and (2) shall in any case where right to compensation is controverted, or where payments of compensation have been stopped or suspended, *upon receipt of notice from any person entitled to compensation* * * * make such investigations * * * and take such further action as

he considers will properly protect the rights of all parties." (Emphasis added.)

The party claimant here had the *right* to file a claim within one year after June 13, 1937. After that date, in the absence of fraud, he had no further right to protect. Section 914(h) must be construed in harmony with and in connection with Section 913(a).

The Deputy Commissioner also contends that he was authorized to proceed under the provisions of Section 922 of said Act, notwithstanding the provisions of Section 913 (a). Pertinent parts of Section 922 provide that the Deputy Commissioner may "Upon his own initiative, or upon the application of any party in interest, on the ground of a change in conditions * * *, at any time prior to one year after the date of the last payment of compensation, * * * review a compensation case in accordance with the procedure prescribed in respect of claims in section 919, * * *" and may "reinstate, increase, or decrease such compensation, or award compensation."

Section 922 does not authorize the proceedings followed by the Deputy Commissioner in this case, first, because it provides that the Deputy Commissioner may upon his own initiative reopen and review a case *at any time prior to one year* after the date of the last payment of compensation. The date of the last payment of compensation in this case was June 13, 1937, and the Deputy Commissioner did not attempt to reopen and review this case until May 16, 1940. Secondly, the section provides that the review shall be in accordance with the procedure of Section 919. The procedure of Section 919 is expressly made subject to the provisions of Section 913, which latter section requires the filing of a claim within one year from the date of the last payment.

We hold, therefore, that the proceedings by the Deputy Commissioner in undertaking to reopen and review the case were without authority of law, because barred by the statute of limitations, and that the decree of the lower Court in otherwise holding was erroneous and the same is hereby reversed, with directions to enter a decree setting aside the award made by the Deputy Commissioner and granting such further relief as may be appropriate in the premises.

Reversed.