F. H. McGRAW & CO. et al. v. LOWE, Deputy Com'r.

District Court, S. D. New York.

Nov. 9, 1943.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Raymond Parmer, of New York City, of counsel), for plaintiffs.

James B. M. McNally, U. S. Atty., of New York City (Harold K. McKee, Asst. U. S. Atty., of New York City, and Ward E. Boote, Chief Counsel, U. S. Employees' Compensation Commission, of Washington, D. C., of counsel), for defendant.

Herbert P. Miller, of Washington, D. C., Associate Counsel.

Isaac M. Rothenberg, of New York City, for Harry Rick.

RIFKIND, District Judge.

Defendant moves for summary judgment dismissing the complaint.

The action is by an employer and its compensation insurers against the Deputy Commissioner of the United States Employees' Compensation Commission to invalidate and enjoin the enforcement of a compensation order in favor of one Harry Rick. It is not disputed that there was evidence before the Commissioner to support his formal findings and his order. Normally that renders the order immune to review, Grant v. Marshall, D.C.W.D.Wash. 1931, 56 F.2d 654; Warner Co. v. Norton, 3 Cir.,1943, 137 F.2d 57. Plaintiffs contend, however, that in truth and in fact defendant did not believe that there was a causal relation between the injury which the employee sustained and the Parkinson's disease from which he was found to suffer, although in his findings the Commissioner stated that there was such a causal relationship.

Proof of plaintiff's allegation is said to be found in a "memorandum for the file" signed by the defendant contemporaneously with the order. It reads as follows:

"Re: Harry Rick v. F. H. McGraw Co., and Purdy & Henderson Co. Inc.

"This is a question of causal relationship between an accident of seeming unimportance and a disease not commonly associated with trauma. Three neurologists of experience and repute have examined the claimant and expressed their opinions, two of them that the condition was neither caused nor affected by the injury, and one that a relationship is possible and even probable.

"In such circumstances, a trier of fact is faced with more than ordinary responsibility in reaching a decision as to the compensability of the claim. Whatever may be the ultimate conclusion, uncertainty as to its correctness and justice will persist. What, then, should guide the one having the inescapable duty of resolving such a question? I know no answer, other than 'administrative policy'. Such refuge, however, does nothing for the intelligent solution of a problem for which one feels there should be a solution of something by more than the 'hit or miss' method. Dissatisfaction which a decision on such a basis leaves is only mitigated by the knowledge that there is little reason for laymen to be embarrassed, because of their inability to decide problems which eminent medical men are unable to agree upon, and also by the fact that administrative policy intends to place the burden of possible error upon those best able to withstand it—in this instance, the employer, the insurance carrier, the Government, and the people, rather than upon the individual.

"Accepting, then, the minority opinion and upon the basis that doubtful questions incapable of scientific resolution are to be resolved in favor of the workman, this claim will be allowed.

"The award has been brought up to date in view of the fact that the character of the disability has again changed to temporary total, claimant having been dis-

charged from his second employment on June 9, 1943 because of unsatisfactory service. This was, of course, forecast by all the physicians who have examined him.

"Samuel S. Lowe,
"Deputy Commissioner."

A similar "Memorandum for the File" was considered by the court in another connection in American Mutual Liability Insurance Co. v. Lowe, 3 Cir.1936, 85 F.2d 625, and a letter from a commissioner written under similar circumstances was reviewed in Ætna Life Insurance Co. v. Hoage, 1935, 64 App.D.C. 185, 76 F.2d 435. Neither of these decisions answers the question here presented. The plaintiffs argue that the memorandum indicates that the commissioner made his finding, not by weighing the evidence, but by pursuing a rule of administrative policy. No helpful authorities have been cited by counsel or found by my own efforts. Examination of the question, as it affects the findings of triers of facts, other than administrative tribunals, has not disclosed any persuasive analogies.

■ I have concluded that the complaint should be dismissed. The grounds of my decision are two: First, Congress has entrusted the determination of compensation claims to the commissioner and allowed to the courts only a very limited power of review; Del Vecchio v. Bowers, 1935, 296 U.S. 280, 287, 56 S.Ct. 190, 80 L.Ed. 229; South Chicago Coal & Dock Co. v. Bassett, 1940, 309 U.S. 251, 257, 60 S.Ct. 544, 84 L.Ed. 732; Parker v. Motor Boat Sales, Inc., 1941, 314 U.S. 244, 246, 62 S.Ct. 221, 86 L.Ed. 184; Associated Indemnity Corporation v. Marshall, 9 Cir. 1934, 71 F.2d 235. That review should be limited to the order and the findings, which represent the commissioner's formal and official acts; 33 U.S.C.A. § 921(b). If his decision is right, and we must deem it right if it is supported by evidence, it matters not that his reasons may be inadequate. Appellate courts operate on that principle in reviewing the decisions of subordinate courts. Helvering v. Gowran, 1937, 302 U.S. 238, 245, 58 S.Ct. 154, 82 L.Ed. 224; United States v. Holt State Bank, 1926, 270 U.S. 49, 56, 46 S.Ct. 197, 70 L.Ed. 465.

■ Second, I read the commissioner's memorandum as amounting to no more than a statement of the rule which the courts have frequently announced. In Fidelity & Casualty Co. of New York v. Burris, 61 App.D.C. 228, 1932, 59 F.2d 1042,

1044, the Court said: "Where there is doubt, it should be resolved in favor of the injured employee or his dependent family." Perhaps such a rule in effect changes the incidence of the burden of proof, but I am not satisfied that the courts have been given power to review or consider the mental process by which the Compensation Commissioner weighs the evidence and arrives at a conclusion.

The motion to dismiss the complaint is granted.