**BURLEY WELDING WORKS, Inc., et al. v. LAWSON, Deputy Commissioner, United States Employees' Compensation Commission.**

No. 10894.

Circuit Court of Appeals, Fifth Circuit.

April 11, 1944.

Rehearing Denied May 15, 1944.

C. L. Brown, of Miami, Fla., for appellants.

Herbert S. Phillips, U. S. Atty., of Tampa, Fla., and Ernest L. Duhaime, Asst. U. S. Atty., of Miami, Fla., for appellee Richard P. Lawson.

Bart A. Riley and A. C. Dressler, both of Miami, Fla., for appellee William Henry Knowles.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

McCORD, Circuit Judge.

Burley Welding Works, Inc., a Florida corporation, and its insurance carrier, Lumbermens Mutual Casualty Company, a corporation, filed a libel against Richard P. Lawson, as Deputy Commissioner of the United States Employees' Compensation Commission, and against William Henry Knowles, in a cause civil and maritime, under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq.

■ Being aggrieved at the decree in this case, Burley Welding Works, Inc., and its insurance carrier gave notice of appeal within the three months' period made and provided therefor, and also made bond for costs, which was approved by the court. We are of opinion and so hold that the approval of the appeal bond was in legal effect an allowance of the appeal. The motion to dismiss the appeal is, therefore, overruled. Crescent Wharf & Warehouse Co. v. Pillsbury, 9 Cir., 93 F.2d 761; Sage v. Central Railroad Co., 96 U.S. 712, 24 L.Ed. 641; Brown v. McConnell, 124 U.S. 489, 491, 8 S.Ct. 559, 31 L.Ed. 495.

William Henry Knowles, while in the employ of the Burley Welding Works, Inc., at Miami, Florida, on the 23rd day of November, 1940, sustained personal injuries while working as a welder on board the vessel "Nirvana" which was afloat upon the Miami River, a navigable water of the United States. His injury resulted in compression fractures of the second, third, and fourth lumbar vertebrae, fracture of the superior ramus of the left pubic bone, fracture of the left fibula at its distal end, and an avulsion fracture of the cuboid bone of the left foot.

Claim for compensation was filed in the case by Knowles, and after hearing, the Deputy Commissioner issued a compensation order on July 29, 1942, in which he found that Knowles was totally disabled from November 25, 1940 to May 4, 1941, and that subsequent to the latter date Knowles' wage-earning capacity was 82 per cent of such capacity as existed at the time of the injury. The Deputy Com-

missioner awarded compensation accordingly directing the payment of compensation in the amount of $8 per week for permanent partial disability subsequent to May 4, 1941. Section 6 (b) of the Longshoremen's Act provides that compensation shall not be less than $8 per week. The libel here only complains of the findings of the commissioner as to the $8 per week compensation order.

On August 8, 1942, Burley Welding Works and its insurance carrier applied to the Deputy Commissioner, pursuant to the provisions of Section 22 of the Act, for modification of the award upon the ground of a change in conditions of Knowles, who was injured. A hearing was held before the Deputy Commissioner, at which testimony was offered on behalf of both the Welding Works and Knowles.

The Deputy Commissioner found, and there was evidence to support his findings, that the earnings of the employee subsequent to March 16, 1942 do not fairly and reasonably represent his wage-earning capacity. The evidence showed that Knowles was favored with light work because of his back condition; that he had to leave one job because he could no longer do the climbing required; that the present high rate of pay received by welders is due solely to the war emergency; that the condition of his back has not changed and gives him trouble; that he could not work all day; that he cannot work the hours he used to work; that a welder is required to get in strenuous positions and that he could not do this because of his condition; that when he did not feel well and got tired before the end of the day he went home, but his employer paid him for full time; that the demand for welders is unusual due to the war; that he was given jobs where he would not have to stoop over and bend; that at the place where he worked he was paid $1.50 per hour with time and one-half for overtime. There was no contention that Knowles had wholly and entirely recovered from the effects of the injury.

Upon the evidence adduced before him the Deputy Commissioner filed the compensation order of July 26, 1943, complained of, in which he denied Welding Works' application for review, for the reason that "There has been no change in conditions, within the meaning of Section 22 of the Act, sufficient to warrant any modification in said compensation order of July 29, 1942."

Welding Works and its insurance carrier thereafter instituted a libel proceeding in the District Court seeking to have the court review and set aside the compensation order of July 26, 1943. Exceptions to the libel were filed on behalf of the Deputy Commissioner and were sustained by order of the court on October 16, 1943, from which this appeal has been taken.

Question: Do the wages paid to William Henry Knowles subsequent to March 16, 1942 conclusively establish his "wage-earning capacity" and constitute a "change in conditions" within the meaning of Section 22 of the Longshoremen's Act?

Pertinent Statutes: Longshoremen's and Harbor Workers' Compensation Act of March 4, 1927, 44 Stat. 1424, U.S.C.A.Title 33, Chapter 18, §§ 908(c) (21), (h), 921(a) and 922 et seq.

■ The burden was on Burley Welding Works and its insurance carrier to show that there was not sufficient evidence before the Deputy Commissioner to support the compensation order complained of in the bill. Grant v. Mitchell, D.C., 56 F.2d 654.

■ The findings of fact of the Deputy Commissioner must be presumed to be correct. Anderson v. Hoage, 63 App.D.C. 169, 70 F.2d 773; Luckenbach Steamship Co. v. Norton, 3 Cir., 96 F.2d 764.

■ It has been uniformly held that the term "change in conditions" in Section 22 of the Act, which authorizes the modification of a previous award, means a change in the employee's physical condition, and not other conditions. McCormick Steamship Co. v. United States Employees' Compensation Commission, 9 Cir., 64 F.2d 84; Pillsbury v. Alaska Packers' Association, 9 Cir., 85 F.2d 758.

■ An employee who has sustained a permanent or temporary partial disability and who returns to work at the same or higher wages nevertheless may be entitled to compensation if he has sustained a decrease in "wage-earning capacity." Twin Harbor Stevedoring & Tug Co., et al. v. Marshall, 9 Cir., 103 F.2d 513; Hartford Accident & Indemnity Co. v. Hoage, 66 App.D.C. 163, 85 F.2d 420.

■ We find no reversible error in the record and the judgment is affirmed.

On Motion for Rehearing.

PER CURIAM.

The application for modification of the compensation order under Section 22 of the Act, 33 U.S.C.A. § 922, was understood by the Deputy Commissioner and by us to be upon the ground of "a change in conditions" since the order, and not because of "a mistake in the determination of a fact" in making the order. We have adjudicated nothing touching any mistake.

The motion for a rehearing is denied.