**STRACHAN SHIPPING CO. et al.,**
**Plaintiffs,**

v.

**Lee H. HOLLIS, Deputy Commissioner,**
**et al., Defendants.**

**Civ. A. No. 70-G-94.**

United States District Court,
S. D. Texas,
Galveston Division.

Nov. 9, 1970.

E. D. Vickery, Royston, Rayzor & Cook, Sidney Ravkind, Mandell & Wright, Houston, Tex., for plaintiffs.

Anthony J. P. Farris, U. S. Atty., Jack Shepherd, Asst. U. S. Atty., Houston, Tex., Leavenworth Colby, Sp. Asst. to Atty. Gen., U. S. Dept. of Justice, Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

NOEL, District Judge.

This is an action brought by an employer and its insurer to set aside an award of the Department of Labor Deputy Commissioner pursuant to the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq. Any contention that the Commissioner's determinations relating to the injury and degree of disability are unsupported by substantial evidence on the record as a whole has apparently been abandoned. Rather, the dispute is concerned solely with the time limitation provisions of the Act, and all parties have moved for summary judgment. At issue is a question of law and no review of the Commissioner's findings of fact need be undertaken.

On July 11, 1956, claimant-defendant was injured while working aboard a ship on navigable waters at Freeport, Texas. On December 10, 1956, he wrote the first of several letters to the Commissioner, which the latter correctly deemed to be the timely filing of a valid claim. In August, 1957, an informal conference was held before a Bureau claims examiner, which resulted in the issuance of a Memorandum of Informal Conference setting forth the Bureau's recommendation and noting the concurrence of the claimant and carrier upon a disposition of the claim. In September, 1957, the insurance carrier made the agreed payment and the Commissioner issued Form US–212 informing the claimant of the termination of payments and advising him that any claim for additional compensation must be made within one year. Almost twelve years later, in July of 1969, claimant submitted a formal claim. A hearing was held, and in June of 1970, the Commissioner entered the formal compensation order which is here challenged.

Plaintiffs contend that the 1969 claim was barred by limitations because no claim for compensation or application for modification was filed within one year after the date of last payment under the 1957 disposition. The claimant and the Commissioner take the position that the 1956 claim opened the proceeding and, despite the payment of compensation and claimant's apparent acquies-

cence, it remained open until the entry of a formal compensation order over a decade later.

The limitation provisions of the Longshoremen's Act are 33 U.S.C. § 913, which provides in part:

(a) The right to compensation for disability under this chapter shall be barred unless a claim therefor is filed within one year after the injury, and the right to compensation for death shall be barred unless a claim therefor is filed within one year after the death, *except that if payment of compensation has been made without an award on account of such injury or death a claim may be filed within one year after the date of the last payment.* (Emphasis added)

and § 922, providing for modification of awards and embodying the same limitation:

"* * * the deputy commissioner *may, at any time prior to one year after the date of the last payment of compensation, whether or not a compensation order has been issued* * * * issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation, or award compensation. (Emphasis added)

Defendants' position reduces to a contention that the term "last payment", as used in the limitation provisions, does not refer to payments made pursuant to the informal disposition of a claim. Having asserted this premise, defendants demonstrate on brief that the memorandum of informal conference was not a "compensation order" as that term is used in 33 U.S.C. § 921. This view is fully supported by American Mutual Liability Insurance Co. of Boston v. Lowe, 85 F.2d 625 (3rd Cir. 1936), which held that a memorandum of settlement, approved by the Deputy Commissioner, was not a final order within the meaning of the Act. Accord, Lumber Mutual Casualty Co. of New York v. Locke, 60 F.2d 35 (2nd Cir. 1932). The Court agrees that the memorandum of conference prepared in 1957 was not a

compensation order and plaintiffs appear to concede the point, but this alone will not carry the cause for defendants. It only establishes that the 1970 order of the Deputy Commissioner is the first and only compensation order made in this case; it does not establish the timeliness of the 1969 claim. *See:* Belton v. Traynor, 381 F.2d 82 (4th Cir. 1967), in which it is assumed that the limitation provisions ordinarily apply to a claim which is informally adjudicated and voluntarily paid without the issuance of a formal compensation order.

The practical effect of defendants' view would be that employers who compensate voluntarily after a claim has been made lose the protection of the limitation period, while employers who contest their liability to the point of a formal compensation order enjoy this protection. Such a result is scarcely harmonious with the voluntary, self-executing character of the Act. The Court of Appeals for this Circuit has described the statutory scheme in Flowers v. Travelers Insurance Co., 258 F.2d 220, 225 (5th Cir. 1958), cert. denied 359 U.S. 920, 79 S.Ct. 591, 3 L.Ed.2d 582 (1959):

Unlike some State compensation acts, the Longshoremen's Act is almost self-executing. Compensation benefits are payable and paid, medical care and attention furnished, generally without even the necessity of filing a formal claim, as such, almost universally without a formal hearing by the Deputy Commissioner, only in a few cases does the matter proceed to formal hearing and award and even more rare is the resort to the limited judicial review.

The policy of voluntariness is explicitly reflected in § 914(a), which provides that "except where liability to pay compensation is controverted by the employer", the employer's knowledge of the injury and disability requires that "compensation * * * shall be paid periodically, promptly, and directly to the person entitled thereto, without an award." The utilization of informal procedures to administer uncontested

cases is clearly contemplated by the regulations of the Bureau of Employee's Compensation. "Claims for compensation or for reimbursement of medical expenses * * * are processed by the deputy commissioner, with or without the assistance of claims examiners in his office, by verification of payments, and informal adjudicatory processes, in uncontested cases." 20 C.F.R. § 01.11(b). Finally, the actual experience in administration of the statute indicates that the large majority of claims are disposed of without necessity for a formal compensation order. The Annual Reports of the Department of Labor demonstrate unequivocally that formal hearings are the exception rather than the rule. See Atlantic & Gulf Stevedores, Inc. v. Donovan, 274 F.2d 794, 800 n. 23 (5th Cir. 1960), rehearing denied 279 F.2d 75 (5th Cir. 1960).

■ Unless it is compelled by clear authority, the limitations provision of this statute should not be placed at war with its self-executing character. No such authority has been cited. Defendants rely primarily upon the *Locke* and *Lowe* cases, supra, holding that informal memoranda and settlements are not compensation orders. Neither of those cases teaches that a claim, informally disposed of with the Bureau's blessing, survives indefinitely. It should be noted that the *Lowe* opinion discussed the effect of the 1934 amendment to § 922, which limited the power of the deputy commissioner to reopen a case to one year after the date of the last payment of compensation, notwithstanding the absence of a compensation order. The Court intimated that this amendment, had it been applied retroactively, would have required a different result. It is also the view in this Circuit that § 922 cuts off the power of the deputy commissioner to resurrect a case more than one year after the cessation of voluntary compensation payments. Ocean Accident & Guarantee Corp. v. Lawson, 135 F.2d 865 (5th Cir. 1943). *See*: Bajerczak v. B. H. Sobelman & Co., 89 F. Supp. 78 (E.D.Pa.1949). The fact that

no claim was filed in *Lawson* is a difference rather than a distinction. By the statute's terms, the limitation period is triggered by the last payment whether or not an order has been entered. It is not reasonable that the operation of this provision should be indefinitely suspended by the mere filing of a claim. In the case at bar, all concede that the claimant filed his claim in 1956. This claim, through the informal participation of the Commissioner, resulted in a compensation payment on September 3, 1957. This was the "last payment" within the meaning of § 922.

The defendants choose to characterize the 1970 order as an ordinary adjudication, albeit somewhat tardy, of the 1956 claim. This is unrealistic. However it is labeled, what the Commissioner did in 1970 was the functional equivalent of a modification, and is therefore subject to the strictures of § 922.

■■ Where the words of a statute are unambiguous, as here, it is unnecessary to speculate about legislative intent. It is sufficient to note the unlikelihood that Congress desired to punish voluntary compliance with the Act by imposing perpetual jeopardy. That the Longshoremen's Act is a humanitarian, curative, and remedial statute is too commonplace to be questioned. However, it is nonetheless a statute and when its plain words and intent dictate a certain result, then Commissioners and Courts are bound alike. It is also true that the statute must be applied in such a fashion as to avoid "harsh and incongruous results." Voris v. Eikel, 346 U.S. 328, 333, 74 S.Ct. 88, 98 L.Ed. 5 (1953). It is neither harsh nor incongruous that a compensation claim, filed and satisfied but subsequently unasserted for nearly twelve years, should lapse. To hold otherwise would be to delete the limitation provision from the statute.

The claim was barred. Judgment will enter for plaintiffs. Copies of this Memorandum and Order shall be forwarded to counsel by the Clerk. Counsel for plaintiffs shall submit a proposed form of judgment consistent herewith.